CHASEZ, Judge.
A. J. McCall filed labor liens in 1960 in the total amount of $10,725 against certain immovable property owned by Manor Development Corporation in Jefferson Parish, Louisiana. The liens were filed and recorded in the mortgage office of Jefferson Parish by a deputy of William M. Justice, Jr. (“Justice”), the Recorder of Mortgages for the Parish of Jefferson.
On March 29, 1961, Manor Development Corporation without notifying McCall, filed a lien release bond in the amount of $13,500, and obtained releases and cancellations of the liens. Manor Development Corporation was principal on this bond and United Bonding Insurance Company (“United”) was surety. The bond was approved by the Clerk of Court under the provision of LSA-R.S. 9:4841.
On May 12, 1961, McCall brought suit against Manor Development Corporation seeking recognition of his lien and privilege.
He obtained a judgment against Manor Development Corporation on January 6, 1965, and upon being unable to obtain satisfaction of this judgment from Manor Development Corporation, sought payment from United under its lien release bond. Payment thereunder was refused and McCall sued United.
It appears that the bonding company resisted McCall’s claim against the bond on the grounds that its agent was not authorized to execute the lien release bond. The Trial Court rendered judgment in favor of McCall in the amount of $10,000.00.
On appeal, this court held that the agent of the bonding company clearly had authority to execute a $10,000 lien release bond. McCall v. United Bonding Insurance Co., 197 So.2d 400 (La.App. 4th Cir. 1967). However, the court also stated that the record before it was devoid of any evidence which might show that United had accepted premiums for a bond in a larger amount or in any other manner ratified the acts of its agent. The case was remanded to the trial court for the purpose of taking further evidence, with leave given to amend the petition to allow introduction of necessary evidence.
After remand, plaintiff filed a Supplemental and Amended Petition on January 29, 1968, in which he joined William M. Justice, Jr., Clerk of Court and Ex-Officio Recorder of Mortgages, as a party defendant, alleging certain illegal and negligent acts which had been committed by his employees in cancelling the liens.
Plaintiff also set out additional allegations of negligence in the amended petition as to the original defendant, United, and closed the Supplemental and Amended Petition with a prayer for judgment against United and Justice, as Clerk of Court and Ex-Officio Recorder of Mortgages, jointly, severally and solidarily. No third-party demand has been made on Justice by United.
Peremptory exceptions based on the prescription of one year and of no right or cause of action were thereafter filed on behalf of Justice. The exceptions were heard and on February 25, 1969, judgment was rendered, maintaining the exception of prescription dismissing the plaintiff’s suit against Justice. United, the co-defendant with Justice, has taken an appeal from this judgment, although it had not filed a third-party demand against Justice. There has been no appeal from this judgment by the plaintiff, A. J. McCall.
Appellee, Justice, has filed a Motion to Dismiss United’s appeal on the ground that United has no right of appeal *915 as against Justice because they are not sol-idary obligors and because United did not file a third party demand against Justice. This Motion to Dismiss is denied under the authority of Emmons v. Agricultural Insurance Company, 245 La. 411, 158 So.2d 594 (1963), wherein the Supreme Court held that a co-defendant may appeal a judgment dismissing another co-defendant even if there has been no third-party demand made by the appealing co-defendant as against the dismissed co-defendant.
The argument made by appellant is that since United and Justice are solidary obli-gors interruption of prescription against one solidary obligor will interrupt prescription with regard to all, citing Civil Code article 2097. Justice denies that there is any solidary obligation between himself and United. The case boils down to this: if United and Justice are solidary obligors the judgment maintaining the plea of prescription was in error; if they are not sol-idary obligors the judgment was correct.
Solidary liability is defined in LSA-C.C. art. 2091 as follows:
“There is an obligation in solido on the part of the debtors, when they are all obliged to the same thing, so that each may be compelled for the whole, and (w)hen the payment which is made by one of them, exonerates the others toward the creditor.”
United and Justice were not obliged for the same thing. United was sued on the lien release bond, a contractual obligation, on April 8, 1965. No issue of negligence was raised. When the Clerk of Court, Justice, was sued on January 29, 1968, almost three years later, it was for negligent acts in cancelling the liens and erasing them from the record.
The Clerk of Court acted under the authority of LSA-R.S. 9:4841 which provides :
“When any contractor shall have entered into a contract to perform private works under the laws of this state governing the letting and awarding of such contracts and in conformity with the requirements thereof, the contractor shall have the right to bond any claim or claims which may be filed or recorded against the said work by depositing with the clerk of court of the parish in which such claims are filed or recorded a bond with surety signed by any surety company authorized to do business in the state for an amount equal to the claim plus one-fourth. The bond shall be approved by the clerk of court conditioned that in the event the legality of such claim or claims is established by suit or otherwise, the bond shall remain in full force and effect to protect the interest of the claimant in the premises.” (Emphasis supplied.)
This statute does not set standards for the Clerk of Court. Therefore, we think the liability of the Clerk should be based on tort principles, i. e., whether the Clerk or his deputies acted in a prudent fashion, and the applicable prescriptive period should be one year under article 3536 of the Civil Code. See Caillouet v. Franklin, 32 La.Ann. 220 (1880).
Since United was sued on its sure-tyship obligation and Justice was sued on a negligence theory, they cannot be said to be solidary obligors because they were not bound for the same thing, i. e., on the same cause of action. This being the case the suit against Justice for negligence filed nearly three years after the allegedly negligent acts came too late.
For the foregoing reasons the judgment of the trial court maintaining the exception of prescription and dismissing the plaintiff’s suit by way of his supplemental and amending petition against William M. Justice, Jr., Clerk of Court for the Parish of Jefferson is affirmed. Costs of appeal assessed to United Bonding Insurance Co., appellant herein.
Affirmed,