LEAR, Judge.
This suit arose from a joint petition for a declaratory judgment, which was filed by (1) Gilbert M. Dozier (Commissioner of Agriculture); (2) the Fertilizer Commission of the State of Louisiana; (3) Dr. E. A. Epps, Jr. (the Louisiana state chemist); and (4) D. A. Delahoussaye d/b/a Top Crop Seed and Supply Company. The first three petitioners are hereinafter referred to as the “Ag Group.”
The Ag Group administers LSA-R.S. 3:1311, et seq., regulating the licensing of manufacturers and distributors of fertilizer and the testing and sampling of fertilizers made and/or sold in Louisiana.
There was a dispute between the Ag Group and Delahoussaye regarding the validity of the procedures used by the Ag Group in both licensing and testing and sampling, the issue being whether or not these procedures violated the due process provisions of both the state and federal constitutions and/or exceed the authority granted to the Ag Group by the above cited statutory provisions.
During April-June of 1978, Delahoussaye was assessed penalties of over forty-five hundred dollars for alleged violations of the law regulating the sale and distribution of fertilizers. Delahoussaye refused to pay the assessment, contending that “said assessments were erroneous and resulted solely from the improper procedures utilized by the Commissioner of Agriculture, the Fertilizer Commission and the State Chemist.” Delahoussaye was then notified that his license to manufacture and sell fertilizer would be revoked for his failure to pay these penalties, at which time he (Delahous-saye) requested an opportunity to be heard prior to the revocation. While it is agreed by the parties that some type of “hearing” was arranged, we are unable to determine from the record whether this “hearing” was to be an ample and adequate opportunity for Delahoussaye to present his case and for the legal issues to be addressed. The record merely indicates that Delahoussaye’s counsel was present at that “hearing” and objected to the manner in which the hearing was being conducted. The parties, both Delahoussaye and the Commissioner of Agriculture, who was conducting the hearing, at that point apparently agreed that this dispute could not be adequately addressed and/or settled within the context of this “hearing”. They then agreed that Dela-houssaye would pay the assessments under protest, reserving his right to contest the assessments, and that they would file a joint petition in the district court, seeking a declaratory judgment in this matter.
A joint petition for declaratory judgment was signed and filed by all parties to this dispute. As required by La.C.C.P. art. 1880, a copy of the petition was served on the attorney general, who then filed dilatory exceptions of prematurity and vagueness and a peremptory exception of no cause of action. The trial court granted the prematurity 1 exception, finding that LSA-R.S. 3:1312 G affords appellant “an opportunity to be heard in his defense”, which administrative remedy he failed to exhaust. Judgment was signed, dismissing the suit without prejudice, and Delahoussaye appealed.
The “opportunity to be heard in his defense” relied upon by the trial court, is found in LSA-R.S. 3:1312 G, which provides, in pertinent part, as follows:
“If it appears that any of the provisions of this part have been violated, the commissioner shall certify the facts to the proper prosecuting attorney .... The commissioner shall cause notice to be given to the manufacturer-dealer from whom the sample was taken. Any party so notified shall be given an opportunity to be heard in his defense ... before the facts shall be certified to the proper prosecuting attorney.” [Emphasis added.]
We find that this specific provision giving the manufacturer-dealer from whom the sample was taken “an opportunity to be heard in his defense” applies only to situations where the commissioner intends to certify the facts of the violation and the *374 results of the analysis or other examination of the fertilizer to a prosecuting attorney.
It appears, however, that the actions of the commissioner in this instant case were taken under the provisions of LSA-R.S. 3:1314 and 1315, which provide, in pertinent part, that:
“Section 1314. Penalties
“Whenever the commissioner shall be satisfied that a given lot or shipment of fertilizer is deficient in one or more guaranteed plant foods, a penalty shall be assessed against the guarantor .... ”
“Section 1315. Cancellation of registration; causes for
“Repeated failure of a registrant to meet the guaranteed weight or analysis of a fertilizer or to fail to make payment of the inspection fee, or to fail to pay penalties assessed shall be considered just cause for cancellation of a manufacturer registration.”
When the issue of plaintiff’s failure to exhaust his administrative remedies is raised by the exception pleading prematurity (as here), the defendant (exceptor) pleading the exception has the initial burden of showing that an administrative remedy is available, by reason of which the judicial action is premature. Steeg v. Lawyers Title Insurance Corporation, 329 So.2d 719 (La.1976). We find it significant, however, that nowhere in these statutory provisions, under which these penalties were assessed and the revocation proposed (R.S. 3:1314 and 1315), is any type of administrative hearing or opportunity to be heard mandated, required, provided for or even suggested. Were such the case, the commissioner would have a right to compel appellant to exhaust those administrative remedies prior to seeking judicial relief.
Although some type of “hearing” was begun at the agency level, the record clearly indicates that both appellant and the agency, through the Commissioner of Agriculture, agreed that this type of agency forum could not or would not properly address the factual and legal issues involved in this dispute, and they have long since abandoned the administrative forum.
Because we find that an adequate administrative hearing is not mandated (or even provided for) by statute, nor is appellant demanding any such opportunity to be heard at the agency level, appellant’s suit, in which the Commissioner of Agriculture has joined, is not premature and is properly before the district court.
For the foregoing reasons, the judgment of the trial court sustaining the exception of prematurity is reversed and this cause is hereby remanded to the trial court for further proceedings in conformity herewith.
Costs of this appeal in the amount of $164.36 are to be paid by appellees.
REVERSED AND REMANDED.