423 So.2d 794 (1982)
Thellie B. WAGGONER
v.
AMERICAN BANK AND TRUST COMPANY; French Market Homestead Savings Association; and Greater New Orleans Homestead Association.
No. 12966.
Court of Appeal of Louisiana, Fourth Circuit.
December 2, 1982.
*795 Kenneth J. Berke, New Orleans, for plaintiff-appellant.
John F. Ales, William C. Shockey, C. Stokes McConnell, Jr., McCollister, McCleary, Fazio, Mixon, Holliday & Hicks, Baton Rouge, for defendants-appellees.
Before WARD, BYRNES and WILLIAMS, JJ.
WILLIAMS, Judge.
This is an appeal from a judgment dismissing the plaintiff's action against the American Bank and Trust Co. ["AB & T"], French Market Homestead Savings Association ["French Market"], and Greater New Orleans Homestead Association ["GNOHA"] on the basis of prematurity.
The petition filed by the plaintiff alleges the following: the plaintiff, Thellie B. Waggoner became a member of a Retirement Plan for Self Employed Individuals and Their Qualified Employees, more commonly known as a Keogh Plan, on or about December 31, 1974. AB & T was the Trustee of this Plan and responsible for making distributions. No distributions were to be made to the plaintiff until he reached 59½ years of age, or was disabled. French Market was custodian of the funds deposited by the plaintiff. The plaintiff received notice that the certificates held in his name by French Market pursuant to the Keogh Plan would mature on December 31, 1980. At that time, the plaintiff was not yet 59½ years old, nor had he become disabled. At this time, the plaintiff's wife instructed French Market to transfer the funds that it held in the Keogh Plan to GNOHA. The plaintiff had invested $25,334.13 in the Keogh Plan. French Market issued the plaintiff's wife a check in that amount, and she delivered it to GNOHA, instructing it to *796 maintain the funds in a Keogh Plan. The check was deposited in a Passbook Account at GNOHA until certain forms were completed. Within the 60 day period allowed for the transfer of funds, GNOHA removed them from the Passbook Account and accepted them for the Keogh Plan. Approximately one month later, however, GNOHA informed the plaintiff that it would not accept his funds in the Keogh Plan because they were not directly transferred from French Market. The plaintiff asked the defendants to return the parties to status quo in order to effect a proper transfer. The defendants refused to respond to the plaintiff's request.
The plaintiff filed suit alleging that, as a result of the premature distribution, he would suffer adverse tax consequences, be unable to make contributions or establish any other Keogh Plan for five (5) years, and would lose tax benefits of the Keogh Plan. The defendants filed exceptions of prematurity. La.C.Civ.Pr. art. 926. The exceptions were based on two grounds: (1) the plaintiff had failed to exhaust his administrative remedies; and (2) that plaintiff had not yet suffered any adverse tax consequences from the defendants' alleged actions.

I. ADMINISTRATIVE REMEDIES
In brief to this Court, the plaintiff argues that the trial court was in error in granting the exception on the ground that defendants failed to sustain their burden of proof because they did not present any evidence of plaintiff's exhausting his administrative remedies. The plaintiff is correct in his assertion that the exceptor usually has the burden of proof. La.C.Civ.Pr. art. 930; e.g., Morrision v. H.P. Mitchell Constr. Co., 369 So.2d 1102 (La.App. 1st Cir.1979). When an exception of prematurity is brought on the ground that the plaintiff has failed to exhaust his administrative remedies, once the existence of an administrative remedy is proven by the exceptor, the burden shifts to the party opposing the motion to show that he has exhausted these administrative remedies. Steeg v. Lawyers Title Ins. Corp., 329 So.2d 719 (La.1976).
In the instant case, the defendants presented evidence of what the trial court found to be an administrative remedy: a letter ruling from the IRS. A letter ruling from the IRS is a written answer to an inquiry made by a taxpayer. This answer interprets the tax laws as they would be applied to a specific act or transaction. 26 C.F.R. 601-201(a)(1) (1981); see also Rev. Proc. 80-20 Section 4.01 et seq. Defendants contend that this letter ruling is an administrative remedy, and plaintiff must first obtain such a ruling in order to exhaust his administrative remedies.
In order to require a petitioner to first exhaust his administrative remedies, the remedies must be adequate. The burden of proof in showing the inadequacy of such a remedy is on the plaintiff. Steeg v. Lawyers Title Ins. Co., supra, at 720. See also Dow Chemical, USA v. Consumer Products Safety Comm'n. 459 F.Supp. 378 (E.D. La.1978).
In this case, we find that the plaintiff has carried the burden of proof in showing that a letter ruling from the IRS is an inadequate remedy. A letter ruling does not carry with it the finality that should be required by an administrative remedy. A letter ruling applies only to a specific set of facts, and is not final if these facts are subsequently proved to be erroneous. Furthermore, there are four other instances in which a letter ruling can be revoked. See 26 C.F.R. 601.201(1)(5).[1]
It is clear, therefore, that a letter ruling would not provide plaintiff with an administrative remedy as is comtemplated by the Civil Code.
*797 Defendants also contend that plaintiff should have sought a declaratory judgment in the United States Tax Court as provided by Internal Revenue Code Sections 7476(a). We know of no law that requires a plaintiff to seek a declaratory judgment as a pre-condition to filing a suit for damages.
We find that a letter ruling obtained from the IRS is not an adequate administrative remedy and, therefore, the plaintiff was not required to seek such a ruling prior to bringing the action at issue here.

II. MATURITY OF SUIT
Defendants' second argument is that appellant's claim had not matured because he had not sustained any tax liability for the alleged premature distribution.
The plaintiff alleges that he may have sustained three different types of tax damage: (1) tax he would have to pay in the year of premature distribution; (2) tax paid on the income earned by the Plan prior to retirement; and (3) the loss of the deduction each tax year for the contributions to the Plan.
The defendants argue that there has been no final determination of the tax consequences of the alleged premature distribution. They claim that a final determination may occur in the close of the tax year, but that this in itself is not final because the return may be amended up until three years from the date it was filed. Although the defendants argue that the amount of taxes that the plaintiff will possibly have to pay is highly speculative, the plaintiff nevertheless has alleged that a tortious incident did occur. Whether he is able to prove damages in the trial court is a matter to be determined at that time. We cannot consider the type and the sufficiency of the evidence that might be presented by the plaintiff below. Whether the nature of the evidence is "highly speculative" is irrelevant at this time. An incident has occurred which, if the allegations in the plaintiff's petition are accepted as true, may have injured the plaintiff. His burden is now to prove damages.
We are unable at this time to find that the action was premature. The defendants have shown us no reason to dismiss this case on the ground of prematurity.
For the foregoing reasons, the decision of the trial court is REVERSED, all costs to appellees.
REVERSED.
NOTES
[1] Revocation may occur if: (1) there has been a misstatement of omission of material facts; (2) the facts subsequently developed are materially different from the facts upon which the ruling was based; (3) the applicable law has changed; (4) the ruling was issued with respect to a prospective transaction; and (5) the taxpayer did not act in good faith in relying upon the ruling.