GARRISON, Judge.
On April 29, 1981, Federated Energy Corporation (“FEC”) entered into an agreement with Prentice Oil and Gas whereby FEC became obligated to drill two oil and gas wells in the Chacahoula area of Terre-bonne Parish. Terra Resources, Inc. (“Terra”) acquired an interest in this agreement from FEC and became the operator of the wells. Two other companies, American Fluorite and Peninsula Resources, signed the agreement as non-operators. This lawsuit was precipitated by American Fluorite’s and Peninsula Resources’ failure to pay Terra their share of operating costs.
The plaintiff, Terra, originally filed this lawsuit against the defendant, FEC, demanding that FEC pay them American Fluorite’s and Peninsula Resources’ share of costs for the drilling and completion of the two wells as allegedly guaranteed by FEC in letter agreements with Terra. The defendant filed exceptions of prematurity, vagueness and non-joinder of necessary parties. At the hearing on these exceptions, two letter agreements between FEC and Terra, dated February 17, 1982 and February 19, 1982, were introduced into evidence. (See Appendix following this opinion). On each of these letters, an addendum dated February 26, 1982 was added by FEC which stated that Terra was required to use “all legal means” before collecting from FEC the monies owed by American Fluorite and Peninsula Resources.
The trial judge maintained FEC’s exception of prematurity and dismissed plaintiff’s suit, finding that the agreements did not obligate FEC to pay the accounts of American and Peninsula until Terra had *605 obtained a judgment against said companies which could not be collected. The trial judge held that these agreements were unambiguous and allowed no evidence as to the parties’ intentions at the time of execution. According to the trial judge, the addendum was sufficient in itself to prove that plaintiff’s suit was premature.
Terra appealed that decision and in 465 So.2d 127 (La.App. 4th Cir.1985), this court reversed the decision of the trial court and ruled that the addendum to the letter agreements requiring that Terra use “all legal means” before collecting from FEC was ambiguous and could not alone support the exception. This case was then remanded to the trial court for further proceedings to inquire as to the parties’ intentions and the circumstances at the time of the execution of the letter agreements.
On remand, the trial judge again maintained FEC’s exception of prematurity finding that because paragraph two of the letter agreements was in conflict with the addendum, the addendum was a counter-offer and the acceptance of this counter-offer superseded paragraph two of the letter. The judge further stated his finding that the addendum contemplated an uncollecta-ble judgment by Terra against its debtors before calling on FEC as its surety. Terra appeals this most recent maintaining of FEC’s prematurity exception.
At trial on remand defendant simply offered the addendum in evidence and rested. The burden of proof was on the exceptor. C.C.P. art. 930; Waggoner v. American Bank and Trust Co., 423 So.2d 794 (La.App. 4th Cir.1982). Defendant failed to carry its burden when it rested on the same evidence this court already held was insufficient.
After the defense rested its case, plaintiff moved for a judgment overruling the exception which the trial court erroneously denied. The trial court’s ruling that the evidence offered by defendant was sufficient to support the exception of prematurity was in conflict with this court’s prior holding.
For these reasons, we reverse the judgment of the trial court and overrule the exception of prematurity. This case can proceed to trial without requiring plaintiff first to file suits against American and Peninsula.
REVERSED.
APPENDIX A
[[Image here]]
February 17, 1982
Federated Energy Corporation Five Greenway Plaza East Suite 310 Houston, Texas 77046
Attention: Charles L. Robinson President
Re: S. E, Chacahoula Area Terrebonne Parish, Louisiana
Gentlemen:
Reference is made to that certain Joint Operating Agreement dated June 26, 1981 between Terra Resources, Inc, (hereinafter sometimes referred to as Terra) as Operator and Federated Energy Corporation (hereinafter sometimes referred to as FEC) as Non-Operator, covering the Southeast Chacahoula Area, Terrebonne Parish, Louisiana, Notwithstanding anything to the contrary in said Joint Operating Agreement it is hereby agreed as follows:
*606 X. FEC Hereby agrees that should American Fluorite, Inc* who is a .03125% Working Interest owner, in the referenced area, refuse or become unable for any reason to pay its proportionate share of any costs incurred by Terra or invoiced out by Terra, then in that event FEC shall stand liable to Terra for the balance of the American Fluorite share not collected.
2. Terra hereby agrees that it shall use its best efforts to collect all monies due from American Fluorite, Inc. However, all invoices which^may become delinquent for a period more than 60 days from the invoice date thereof, shall become- the responsibility of FEC to pay and Terra will invoice FEC for American Fluorite's share. The terras of Terra's invoice to FEC for American Fluorite's delinquent share shall be payable upon receipt.
Should the above terms accurately describe our agreement as setforth in our meeting on Wednesday, February 10, 1982, please so Indicate by signing in the space provided below and return one copy to the undersigned.
Very truly yours.
[[Image here]]
BFK/JDG/lb
agreed to and ACCEPTED subject to the conditions* outlined below relating to disclosut to American Fluorite^ /Q this -day'Of , 1982
[[Image here]]
*This agreement is agreed to and accepted specifically upon the condition that Terra under no circumstances shall disclose any of the contents, meaning or intent of this agreement to American Fluorite or anyone else other than Terra's own legal counsel, and further that Terra will use all legal means at its disposal to collect all monies due from American Fluorite so that FEC's liability under this agreement will be minimized.
[[Image here]]
February 19, 1982
Federated Energy Corporation Five Greenway Plaza East Suite 310 Houston, Texas 77046
Attention: Charles L. Robinson President
Re: S. E. Chacahoula Area Terrebonne Parish, Louisiana
*607 Gentlemen:
Reference is made to that certain Joint Operating Agreement dated June 26, 1981 between Terra Resources, Inc. (hereinafter sometimes referred to as Terra) as Operator and Federated Energy Corporation (hereinafter sometimes referred to as FEC) as Non-Operator, covering the Southeast Chacahoula Area, Terrebonne Parish, Louisiana, Notwithstanding anything to the contrary in said Joint Operating Agreement it is hereby agreed as follows:
1. FEC hereby agrees that should Peninsula Resources who is a .12500% Working Interest owner, in the referenced area, refuse or become unable for any reason to pay its proportionate share of any costs incurred by Terra or invoiced out by Terra, then in that event FEC shall stand liable to Terra for the balance of the Peninsula Resources share not collected.
2. Terra hereby agrees that it shall use its best efforts to collect all monies due from Peninsula Resources. However, all invoices which may become delinquent for a period more than 60 days from the invoice date thereof, shall become the responsibility of FEC to pay and Terra will invoice FEC for Peninsula Resources* share. The terms of Terra's invoice to FEC for Peninsula Resources’ delinquent share shall be payable upon receipt.
3. Notwithstanding anything to the contrary contained herein Terra hereby agrees not to invoice FEC for Peninsula Resources delinquent share, as described in two above for a period of 30 days from the date of this letter. This should act to give Peninsula Resources adequate time in which to pay aliL invoices it intends to pay.
Should the above terms meet with your approval, please so indicate by signing in the space provided below and return one copy to the undersigned.
Very truly yours,
[[Image here]]
BFK/JDG/lb .
AGREED to and accepted subject to the conditions* outlined below relating to disclosure to Peninsyla Resources this ?P^'day of , 1982
FEDERATED ENERGY CORPORATION
[[Image here]]

This agreement is agreed to and accepted specifically upon the condition that Terra under no circumstances shall disclose any of the contents, meaning or intent of this agreement to Peninsula or anyone else other than Terra's own legal counsel, and further that Terrá will use all legal means at its disposal to collect all monies due from Peninsula so tha-t FEC's liability under this agreement will be minimized.