ON REMAND FROM THE SUPREME COURT
GARRISON, Judge.
The facts and history of this case are set forth in our earlier decision, Terra Resources, Inc. v. Federated Energy Corporation, 504 So.2d 604 (La.App.4th Cir. 1987). In that decision, we reversed the judgment of the trial court which maintained the exception of prematurity filed by the defendant, Federated Energy Corporation (“FEC”). We overruled that exception based upon our finding that the defendant had failed to carry its burden of proof because it offered no additional evidence at the hearing on remand as to the parties’ intentions and circumstances at the time of the execution of the letter agreements in which FEC conditionally agreed to pay certain monies due Terra Resources (“Terra”) from American Fluorite and Peninsula Resources. At 508 So.2d 79 (La.1987), the Louisiana Supreme Court vacated this Court’s reversal of the trial court judgment and remanded this case to this Court “for a review of the entire record, including the correctness of the trial court’s factual findings as to the parties’ intent as revealed by the testimony of the witnesses.”
The main issue in this case revolves around paragraph two and the addendum of the two letter agreements in question. Paragraph two states “all invoices which may become delinquent for a period more than 60 days from the invoice date thereof, shall become the responsibility of FEC to pay and Terra will invoice FEC for American Fluorite’s (or Peninsula Resources) share.” The addendum at the bottom of these agreements which was initialed by representatives of both parties states, in part, that “Terra will use all legal means at its disposal to collect all monies due from American Fluorite (or Peninsula) so that FEC’s liability under this agreement will be minimized.” Bruce Kostad, land manager of Terra Resources, testified that the essence of his conversation with FEC representatives was that Terra would continue to bill American Fluorite and Peninsula and if payment was not received within a sixty day billing cycle, FEC would then pay. He stated that at the time of execution of the agreements, no indication was given to him that FEC had no obligation to pay until they had an uncollectable judgment. Kos-tad claimed that FEC representatives never suggested that Terra sue American Fluorite or Peninsula. Terra’s position is that these letter agreements do not require *369 them to take any action other than invoicing American Fluorite and Peninsula and waiting sixty days after which time FEC assumes responsibility for these debts.
Charles Robinson, President of FEC, testified that the addendum to the letter agreements was intended to modify paragraph two because sixty days was too short a period for Terra to pursue all legal means to collect the delinquent debts owed by American Fluorite and Peninsula. He stated that he interpreted “legal means” as going to a court of law to get a judgment to collect the debts. FEC’s position is that they are not required to pay anything to Terra until Terra has an uncollectable judgment against American Fluorite and Peninsula Resources.
We conclude that the trial judge correctly maintained FEC’s exception of prematurity. This case involved a factual determination on the part of the trial judge and he found that the addendum was a modification of paragraph two of the letter agreements and that “all legal means” contemplated that Terra had to have an uncollecta-ble judgment against American Fluorite and Peninsula Resources before collecting these parties’ debts from FEC. Because this finding was not manifestly erroneous, we affirm the judgment of the trial court.

AFFIRMED.