655 So.2d 617 (1995)
Randy CLARK, Plaintiff-Appellee,
v.
CITY OF SHREVEPORT, et al., Defendant-Appellant.
No. 26,638-CA.
Court of Appeal of Louisiana, Second Circuit.
May 10, 1995.
*618 Jerald N. Jones, City Atty., Terry Anderson-Scott, Asst. City Atty., Shreveport, for appellant.
Tom N. Thompson, Shreveport, for appellee.
Before MARVIN, LINDSAY and PRICE (Pro Tempore), JJ.
LINDSAY, Judge.
The defendant, the City of Shreveport, appeals from a trial court judgment ordering it to grant a zoning variance to the plaintiff, Randy Clark, to operate a daiquiri shop on North Market Street. For the following reasons, we affirm the trial court judgment.

FACTS
On July 28, 1993, the plaintiff applied to the City for licenses and a zoning variance to operate two businesses from one building. One side of the building was to be operated as a lounge with on-site consumption of alcohol, limited to beer and daiquiris, and the other side was to be used as a daiquiri shop, with consumption of alcohol to occur off the premises. The initial application was approved by the Metropolitan Planning Commission. The application was then submitted to the Zoning Board of Appeals (ZBA). On September 6, 1993, action on the application was deferred until the ZBA's next meeting scheduled for October, 1993.
*619 At the meeting on October 6, 1993, the ZBA opened the floor to the public for comment on the plaintiff's application. The representative of a property owner whose property was located near the proposed site of the daiquiri shop spoke in opposition to the plaintiff's application. The plaintiff's representative was allowed to speak in rebuttal.
A motion to deny a variance for both the lounge and the daiquiri shop failed. The plaintiff then abandoned his request to operate a lounge and proceeded solely with the request for a daiquiri shop. Another motion to allow the variance for the daiquiri shop, but not the lounge, also failed. A city ordinance requires four votes out of the seven member board to grant a variance. Therefore, the plaintiff failed to receive the necessary four votes in his favor to allow a zoning variance.
On October 12, 1993, the plaintiff appealed the decision of the ZBA to the Shreveport City Council. The plaintiff abandoned his application to operate a lounge and was proceeding solely with the application to operate a daiquiri shop. While that appeal was pending, opposition to the plaintiff's application from the neighboring property owner was removed.
On November 9, 1993 the appeal was presented to the City Council. The Council denied a motion to modify the decision of the Zoning Board of Appeals. However, a motion to remand the matter to the ZBA was passed.
A ZBA land use report shows that the plaintiff had complied with all stipulations relative to the site plan, such as parking and landscaping. The report indicated that the plaintiff's proposed use was reasonably compatible with surrounding development and with Board guidelines.
On November 11, 1993, in considering the remand, the ZBA decided to hold another public hearing on the matter and scheduled the hearing for December 6, 1993. Before the ZBA could act on the matter on remand, the plaintiff filed the present action in the district court, asking for a writ of mandamus, or in the alternative, exercising his right to appeal the denial of the application for variance to operate a package liquor store. The plaintiff claimed that the inaction of the ZBA and the city council delayed the process and denied him the right to appeal the matter to the district court for decision.
The City filed exceptions of prematurity and unauthorized use of a summary proceeding. The City argued that the filing of this suit in district court was premature because the matter was still pending before the ZBA and the plaintiff had, therefore, not exhausted his administrative remedies. According to the City, the plaintiff was required to await the ZBA's decision on remand and, if unfavorable to the plaintiff, the decision could be appealed to the City Council and then to the District Court.
The City also argued that a writ of mandamus is a summary proceeding and is to be used only where the petitioner has a clear legal right and no other adequate legal remedy exists. The City argued that, because the plaintiff had not yet exhausted his administrative remedies, a writ of mandamus was unauthorized.
The matter was heard in the district court on January 18, 1994. Allegations were made that a member of the Caddo Parish Commission, who had some authority in appointing members of the ZBA, had an interest in another daiquiri shop operating in the North Market Street area and had approached members of the ZBA to delay or defeat the plaintiff's request for a zoning variance.
On February 7, 1994, the trial court issued reasons for judgment, finding in favor of the plaintiff. The court found that the City Council had no legal authority to remand a matter back to the ZBA without specific instructions or any specific request for further action. The court stated that an additional public hearing scheduled by the ZBA would deny the plaintiff access to the courts by delaying the appeal of this matter.
The court found that the plaintiff met all of the objective criteria, stipulations and requirements of compatibility with existing uses and protection of adjacent properties.
The court further stated that there was compelling evidence that political considerations involving a member of the Parish *620 Commission and a member of the ZBA were the probable reasons why the plaintiff's request for a variance was denied. The court noted that another applicant received approval to operate a similar business in the same general area while the plaintiff was on the "bureaucratic treadmill."
Judgment incorporating these reasons, in favor of the plaintiff, was signed and filed on February 15, 1994. On February 22, 1994, an amended judgment was signed and filed, denying the City's exceptions of unauthorized use of a summary proceeding and prematurity. The City appealed suspensively.

ADMINISTRATIVE REMEDIES
The City argues that the plaintiff was not entitled to relief in the trial court because he failed to exhaust his administrative remedies. Under Shreveport City Ordinance 106-48, the plaintiff has 10 days following a ZBA decision to appeal to the City Council and thirty days after a City Council decision to appeal to the district court. The City contends that, because the plaintiff did not wait for the decision of the ZBA on remand, the filing in the district court is premature.
The plaintiff argues that he properly followed all administrative procedures. He filed a request for a variance with the ZBA; the request was denied, and he appealed to the City Council which then refused to change the ZBA decision. The plaintiff contends at that point, he had the right to appeal to the district court. He also argues that the trial court was correct in finding that the City Council was without authority to remand the matter to the ZBA after refusing to reverse, amend or modify the Board's decision. The plaintiff essentially contends that this action was designed to delay his right to appeal the City Council action and therefore he had no remedy other than to proceed with his appeal to the district court. Therefore, the plaintiff contends that the filing of this suit was not premature.
A suit is premature if it is brought before the right to enforce it has accrued. Prematurity is determined by the facts existing at the time the suit is filed. Fairfield Development Company v. Jackson, 438 So.2d 664 (La.App.2d Cir.1983).
When an exception of prematurity is brought on the ground that the plaintiff has failed to exhaust his administrative remedies, once the existence of such a remedy is proven by the exceptor, the burden shifts to the party opposing the motion to show that he has exhausted these remedies. Waggoner v. American Bank and Trust Co., 423 So.2d 794 (La.App. 4th Cir.1982); In the Matter of Delahoussaye, 409 So.2d 372 (La.App. 1st Cir.1981), writ denied 413 So.2d 494 (La. 1982). In order to require a petitioner to first exhaust his administrative remedies, the remedies must be adequate. The burden of proof in showing the inadequacies of such a remedy is on the plaintiff. Waggoner v. American Bank and Trust Co., supra.
The general rule that the plaintiff is not entitled to judicial relief where there has been a failure to exhaust the available administrative remedies is subject to two exceptions. First, where the parties are threatened with irreparable injury and second, when the administrative procedures are proven useless. Mayor and Council of Morgan City v. Ascension Parish Police Jury, 468 So.2d 1291 (La.App. 1st Cir.1985).
In the present case, we find that the trial court was correct in denying the City's exception of prematurity. The plaintiff demonstrated that he followed the appropriate administrative procedures for obtaining a variance. The plaintiff filed his request with the Metropolitan Planning Commission and then the matter was presented to the ZBA for review and action. When questions were raised concerning the operation of the lounge and the "clustering" of lounges in the area, the plaintiff abandoned his request to operate a lounge. The application then proceeded solely upon plaintiff's request to operate the daiquiri shop, which is classified as a package liquor store. When the ZBA failed to grant the plaintiff's request for a variance, no reason for the denial was given.
The plaintiff continued to follow the City's administrative procedure. He appealed the decision of the ZBA to the Shreveport City Council. At the council hearing, it was *621 shown that the plaintiff had met all land use requirements and was in compliance with all regulations regarding the granting of a variance to operate a package liquor store in the area. At the conclusion of the hearing, the City Council refused to reverse the decision of the ZBA, but instead, voted to remand the case to the ZBA. According to the administrative procedures set forth in the Shreveport City Ordinances, when the council refused to "reverse, affirm or modify" the decision of the ZBA, the plaintiff then had the right to appeal the decision to the City Council to the District Court.
The City admits that there is no specific authority allowing the City Council to remand a case to the ZBA. However, the City insists that, even though the plaintiff followed its administrative procedures, having his application for a variance rejected by the ZBA and his appeal of that decision denied by the City Council, the plaintiff's right to appeal to the district court was circumvented by virtue of the order to remand and he was required to await another hearing and ruling by the ZBA.
We agree with the trial court that under the circumstances presented here, the City Council improperly remanded the matter to the ZBA. There were no new issues raised by the City Council that required ZBA action. The remand to consider the so-called additional circumstances are no more than the normal requirements in dealing with alcohol variances, such as limiting approval to the limited sale of package liquor for off-premises consumption only, limiting approval to Randy Clark with any change of ownership or operating entity to require a new application to and approval of the ZBA and requiring that the plaintiff submit a revised site development plan. All of these matters had been considered by the ZBA and had been accepted by plaintiff. They were not new stipulations. The City Council's action in remanding the matter would have only operated as a delaying factor, denying the plaintiff his right of timely review by the district court.
We are not prepared to say that under all circumstances it would be improper for the City Council to remand a case to the ZBA for further consideration in light of objective facts not previously available to or considered by the ZBA. However, such circumstances are not presented here.
Accordingly, we reject the City's argument that the plaintiff's suit in district court was premature for failure to exhaust his administrative remedies. The plaintiff carried his burden of showing the city's administrative procedures were followed and any further delay, awaiting an additional hearing decision by the ZBA, would have unfairly delayed the plaintiff's right to appeal as set forth in the Shreveport City Ordinances.

ARBITRARY AND CAPRICIOUS
The City contends that the trial court erred in granting a writ of mandamus, ordering the City to grant a variance to the plaintiff. The City argues that the plaintiff was not entitled to mandamus because the decision of the ZBA to grant or deny a variance involves discretion, precluding use of mandamus. The City further contends that the plaintiff had the burden of proving that the City acted arbitrarily, capriciously or unreasonably.
Mandamus is an extraordinary remedy which is used sparingly by the courts to compel something that is clearly provided by law, but only where it is the sole available remedy, or where the delay occasioned by the use of any other remedy would cause an injustice. It is clear that mandamus lies only to compel performance of purely ministerial duties or to correct an arbitrary abuse of discretion. Louisiana Department of Treasury v. Williams, 451 So.2d 1308 (La.App. 1st Cir.1984); Snyder v. Alexandria City Council, 486 So.2d 1145 (La.App. 3d Cir. 1986).
Mandamus is an appropriate procedural device to compel approval by a governing authority of a permit application that was wrongfully denied. Morton v. Jefferson Parish Council, 419 So.2d 431 (La.1982).
A prima facie presumption of validity attaches to zoning board actions. A reviewing court cannot substitute its own judgment; it cannot interfere absent a showing *622 that the Board was arbitrary and capricious or abused its discretion. Cross v. City of New Orleans, 446 So.2d 1253 (La.App. 4th Cir.1984), writ denied 449 So.2d 1359 (La. 1984); Christopher Estates, Inc. v. Parish of East Baton Rouge, 413 So.2d 1336 (La.App. 1st Cir.1982). Generally, the action of a governmental body is arbitrary and capricious and unreasonable if it bears no relation to the health, safety, or general welfare of the public. Christopher Estates, Inc. v. Parish of East Baton Rouge, supra.
The test of whether an action is arbitrary or capricious is whether the action is reasonable under the circumstances. Castle Investors v. Jefferson Parish Council, 472 So.2d 152 (La.App. 5th Cir.1985), writ denied 474 So.2d 1311 (La.1985).
Where permits are granted in similar situations and refused in others, the refusal to grant a permit may constitute nonuniform application of zoning ordinances that is arbitrary and unreasonable. See Kiser v. Parish of Jefferson, 498 So.2d 115 (La.App. 5th Cir.1986), writ denied 500 So.2d 423 (La. 1987).
The Code of Ordinances, City of Shreveport, § 106-1127, regarding zoning for alcoholic beverage uses, provides:
In legally permitted areas within any zoning district, any use engaged in the sale and/or dispensing of beverages of high or low alcoholic content, other than a manufacturer or wholesale dealer is a special exception use requiring the approval of the zoning board of appeals and subject to such terms and conditions as the board may specify to assure compatibility with existing or planned development and to protect adjacent or nearby property and uses.
(1) Such terms and conditions may specify by way of illustration, but not limitation: frequency, duration, or hours of operation; additional screening, setbacks, parking, landscaping or other site improvements; alcoholic content; method or type of service (e.g. drive-thru, with meals only, package sales only, etc.); designated service areas within a building or site; or use approval restricted to a specific person or persons as applied for.
On September 1, 1993, a land use report was submitted to the ZBA indicating the "Except for revising the plan to provide more parking, and the question of clustering (two daiquiri stores relatively close together) the request appears to be in compliance with the Board's guidelines." The land use report found that the plan called for twelve parking spaces and a proposed driveway on North Market Street whereas seventeen parking spaces were required and only the existing driveway would be allowed. The report also stated that there was enough space to adjust the plan and provide adequate parking. The report further specified that the proposed use was reasonably compatible with surrounding development and consistent with the Board's guidelines. A later land use report specified that plaintiff's site plan had been modified and parking was adequate. Further, as conceded by the City, clustering is not a concern regarding package liquor stores.
From the record there appears to be no reasonable justification for the action by the ZBA and the City Council in failing to grant a variance to the plaintiff. The City argues in brief that during each proceeding the Board continually expressed concerns in approving the application based on rational, reasoned considerations of public health, welfare, and safety and after articulating valid land use considerations such as traffic impact, parking concerns and hours of operation. Such an articulation does not appear in the record.
Based upon the record before this court, we believe the trial court was correct in finding that there was no reasonable basis for the City's failure to grant a variance to the plaintiff to operate a daiquiri shop. Without a valid reason, the refusal to grant the variance was arbitrary, capricious and unreasonable. Therefore, the plaintiff was entitled to a writ of mandamus to correct the action of the City.

CONCLUSION
For the reasons stated above, we affirm the trial court judgment in favor of the plaintiff, *623 Randy Clark, ordering that the defendant, the City of Shreveport, grant plaintiff a variance to operate a daiquiri shop at the location designated in his application. Costs are assessed to the City, to the extent allowed by law.
AFFIRMED.