853 So.2d 738 (2003)
Rickey JOHNSTON, Plaintiff-Appellant,
v.
LLOYDS INSURANCE CO., Defendant-Appellee.
No. 37,489-CA.
Court of Appeal of Louisiana, Second Circuit.
August 20, 2003.
Rehearing Denied September 18, 2003.
*739 Sonny N. Stephens, Winnsboro, Dennis G. Stewart, Rayville, for Appellant.
Corkern & Crews, L.L.C., by Ronald E. Corkern, Jr., for Linda Landrum, LA Association of Clerk of Courts, and Hunt Insurance Group.
Shotwell, Brown & Sperry by Marshall Napper, Monroe, for Lloyd's Insurance Co., Allan E. Clare.
Before STEWART, CARAWAY and DREW, JJ.
CARAWAY, J.
Plaintiff brings this action as the assignee of a note which was to have been secured by a mortgage. The mortgage instrument, however, was allegedly recorded in the conveyance records and not the mortgage records by the deputy clerk, who is made the defendant in this action. The trial court dismissed the suit on the defendant's exception of prescription. Pretermitting that issue, we affirm the dismissal, finding that the plaintiff has no cause or right of action to the claim.

Facts
Appellant Rickey Johnston filed suit on June 15, 1993, against Lloyds Insurance Co., the alleged insurer of the Franklin Parish Clerk of Court (hereinafter the "Clerk"). Johnston's petition claimed damages arising from the Clerk's failure to record his parents' 1980 community property settlement agreement in the mortgage records. The agreement, which is not before the court, allegedly contained a mortgage presumably covering a portion of the former community property and securing a note received by Johnston's mother. In the petition, Johnston alleged he acquired the note and mortgage by virtue of an assignment from his mother. He further alleged that appellee, Linda Landrum, was the deputy clerk responsible for the error, although she was not initially named as a defendant.
Although the settlement agreement/mortgage was duly recorded in the parish conveyance records on December 2, 1980, Johnston allegedly did not discover that the instrument was never recorded in the mortgage records until June, 1993. Johnston's petition alleged that a third party creditor, who outranked him because of the lack of recordation of the mortgage, foreclosed on the property, thereby extinguishing Johnston's security interest. Johnston claimed damages in the amount of $75,000 as the result of the loss of ranking of this mortgage.
Johnston's initial petition named only one defendant, Lloyds, the Clerk's purported errors and omissions insurer during the interval when the community property settlement agreement was recorded. The office of the Clerk has never been sued. Lloyds answered the suit, pleading that the claims-made policy did not afford coverage because the alleged error was not *740 discovered until June, 1993, long after the policy's effective dates. Lloyds moved for summary judgment and was ultimately dismissed from the suit on November 15, 2001.
Prior to Lloyd's dismissal, Johnston amended his petition for the first time on March 19, 1999, to add the Louisiana Association of Clerk of Courts Risk Management Agency (the insurer of the Clerk at the time he discovered the omission), and its administrator, Hunt Insurance Group, as defendants. They urged a peremptory exception, arguing that the direct action statute did not afford Johnston a cause of action against them. After a hearing, the trial court dismissed them from the proceedings by judgment dated October 19, 1999. When it sustained the exception, the trial court permitted Johnston fourteen days within which to amend his petition.
On October 28, 1999, the trial court authorized Johnston to add Landrum as a party defendant. The second amended petition alleged for the first time that Landrum was solidarily liable with the prior defendants for damages. Answering the suit, Landrum pleaded prescription based on the one year period applicable to torts under La. C.C. art. 3492. After Lloyds' dismissal in 2001, Landrum was the only remaining defendant in the suit.
Landrum re-urged her exception of prescription and again moved for dismissal in late December, 2001. In written reasons, the trial court found that the prescriptive period for the Clerk's failure to record the mortgage was the one year applicable to torts, citing Article 3492 and McCall v. United Bonding Ins. Co., 232 So.2d 913 (La.App. 4th Cir.1970). The trial court reasoned that prescription began running when Johnston discovered the nonfeasance in 1993, and since Landrum was not added to the suit until more than six years later, the suit was prescribed. Finally, because Lloyds had been shown not to be the insurer of the Clerk for this claim, the timely filed suit against Lloyds did not interrupt prescription against Landrum.
Johnston appeals asserting that the applicable prescriptive period is ten years. He claims that the Clerk's nonfeasance occurred in breach of its contractual obligation for recordation of the instrument in the mortgage records.

Discussion
Whether a tort or contract claim arose in 1980 from the alleged nonfeasance by the Clerk, the party with the right to assert that claim was the original holder of the note, Johnston's mother. Additionally, any contract would obligate the Clerk and not Landrum. The allegation that the note was assigned to Johnston does not give him standing to sue on the asserted contract between his mother and the Clerk.
Likewise, under a theory of tort, the alleged tort was committed against Johnston's mother. Johnston was not a party to the mortgage and the principal obligation which was to have been secured in 1980. He was therefore a third party to the mortgage who would be charged with what the public records revealed or, in this case did not reveal, about the mortgage at the time of the assignment of the note. La. C.C. arts. 3308 and 3309. It therefore cannot be said that the alleged tortious nonfeasance of the Clerk extended to cause damage to Johnston in his failed attempt to acquire a secured note when the mortgage was unrecorded.
An appellate court can raise the peremptory exceptions of no cause or no right of action on its own motion. La. C.C.P. art. 927. We therefore now raise these exceptions. The "cause of action," as used in the context of the peremptory exception, means the operative facts which give rise to the plaintiff's right to judicially assert *741 the action against the defendant. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993). Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts. La. C.C.P. art. 681; Mouton v. Dep't of Wildlife & Fisheries for the State of La., 95-101 (La.App. 1st Cir.6/23/95), 657 So.2d 622, writ denied, 95-2161 (La.11/17/95), 663 So.2d 710, writ denied, 95-2164 (La.11/17/95), 663 So.2d 711. The exception of no right of action raises the question of whether the plaintiff has an actual interest in enforcing judicially the right asserted. La. C.C.P. art. 927(A)(5); Walker v. State Farm Mut. Auto. Ins. Co., 33,781 (La.App.2d Cir.8/25/00), 765 So.2d 1224; Byrd v. Int'l Paper Co., 594 So.2d 961 (La. App. 3d Cir.1992).
Based upon our above review of Johnston's allegations, we find that Johnston has no cause and no right of action to the claims he has brought against the deputy clerk, Landrum. We affirm the trial court's dismissal on these peremptory grounds and pretermit review of the prescription ruling. Costs of appeal are assessed to appellant.
AFFIRMED ON OTHER GROUNDS.

APPLICATION FOR REHEARING
Before BROWN, C.J., STEWART, CARAWAY, DREW, and MOORE, JJ.
Rehearing denied.