CARAWAY, J.
| ^n this case, the applicant for zoning permits received approval from two city administrative bodies, only to have their actions reversed by the city council. Instead of appealing the council’s denial of his zoning requests in a timely manner to the district court, applicant later filed this action for damages against the city and its zoning administrator. Following the presentation of plaintiffs case, the trial court dismissed the suit. We affirm.

Facts

In 2001, Sylvester Hardman (“Hard-man”) leased space in South Park Mall formerly occupied by bar and restaurant tenants. Hardman wanted to operate a teen club, which he named Starz. The premises included a dance floor left over from these other tenants. Hardman was advised that because of the dance floor, the zoning use classification for the application and permitting process would be considered a dance hall, not a teen club, and this required the approval of the Metropolitan Planning Commission (“MPC”) of the City of Shreveport as a special exception use in the B-3 district. Likewise, Hardman’s plan to keep the club open until 2:00 a.m. would require the approval of a variance of the normal business hours in the B-3 district by the Zoning Board of Appeals (“ZBA”).
The record shows that on July 31, 2001, Hardman appeared at a public hearing of the MPC and obtained provisional approval for Starz to operate as a dance hall by a 6-1 vote. The hearing transcript indicates that 7 persons opposed Hardman’s request. Hardman’s six month approval was |2subject to the condition that three law enforcement officers patrol the mall parking lot while Starz was open.
After obtaining approval to operate his business as a dance hall, Hardman next requested a variance from the ZBA to extend his operating hours past midnight. He appeared at a public hearing and obtained this permission by a 6-0 vote on July 11, 2001. The transcript shows that four persons opposed extending the hours of operation.
Thereafter, a group of individuals, which Hardman identifies in his petition as the Lorick Group, filed written requests/appeals of the MPC and ZBA decisions to the Shreveport City Council (“City Council”). On August 14, 2001, the City Council considered the appeals of the Lorick Group and voted to overturn the decisions of the MPC and ZBA. The record indicates that although Hardman was present at the City Council meeting, he did not formally appear to offer information and argument to support his requests for the special exception use and variance. Such an appearance right is duly provided to applicants and other parties by the Shreveport Code of Ordinances.
One year after the decision of the City Council, Hardman filed this suit against the City and Charles Kirkland, the zoning administrator of the MPC. The suit alleges damages for his business losses and humiliation arising from the City Council’s actions, which Hardman asserted as “arbitrary, capricious, and a denial of due process.” Following Hardman’s presentation of evidence at trial, the trial court found *1159 that he failed to prove that the City Council’s actions were arbitrary and capricious, and the suit |swas dismissed. Hardman now appeals.

Discussion

In paragraph 11 of his petition, Hard-man recites the procedural provisions of the Shreveport Code of Ordinances relating to the zoning remedies which are at the heart of this controversy:
Section 106-48 and Section 106-49 of the Shreveport Code of Ordinances entitles “any person aggrieved” by the decision of the city council the right to appeal the decision to a court of competent jurisdiction provided that such petition is filed within thirty days of such decision by the city council.
Despite the right to appeal the City Council’s unfavorable decisions, Hardman permitted the thirty-day time period to elapse, implicitly accepting as final those decisions which he now asserts as arbitrary and capricious actions of a legislative body. The actions of the City Council denying him the allegedly appropriate zoning remedies is the asserted source of this action for damages. Finding that no such cause of action exists, we now affirm the trial court’s dismissal of Hardman’s claim on that peremptory ground.[1]
Significantly, Hardman cites and contrasts two zoning cases in brief, Clark v. City of Shreveport, 26,638 (La.App.2d Cir.5/10/95), 655 So.2d 617 and King v. Caddo Parish Comm’n, 97-1873 (La.10/20/98), 719 So.2d 410. Both involve zoning appeals instituted within thirty days of decisions by legislative bodies. Such appellate procedure was provided by the City of Shreveport ordinance in Clark, the same as in this case, and by the Caddo | .(Parish Code of Ordinances reviewed in King. There is also a thirty-day rule for similar zoning appeals of rulings of municipalities governed by La. R.S. 33:4727. The actions of the legislative bodies in Clark and King which were alleged to have been arbitrary and capricious did not expose those political subdivisions to potential damages because those rulings were not the last step in the zoning process. The final step in this process ends in the courts and no right to damages, delic-tual or otherwise, arises from a statutory process which ultimately results in an adjudicated zoning determination.
In the present case, Hardman never sought an appeal to the district court from the August 14, 2001 actions of the City Council. Had such appeal been pursued, the same test measuring the City Council’s action for arbitrary and capricious effect would have been applied. The remedy in such instance would have been a judicial determination granting Hardman zoning relief and avoiding the damages which he now claims. He may not choose to forgo the established procedure to vindicate his zoning rights and substitute in its place a different cause of action for damages.
Accordingly, the ruling of the trial court dismissing appellant’s claims is affirmed. Costs of appeal are assessed to appellant.
AFFIRMED.

. An appellate court can raise the peremptory exception of no cause of action on its own motion. La. C.C.P. art. 927; Johnston v. Lloyds Ins. Co., 37,489 (La.App.2d Cir., 8/20/03), 853 So.2d 738; writ denied, (La.1/9/04), 862 So.2d 988.