# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-932

MACRO OIL COMPANY, INC.

VERSUS

CITY OF BREAUX BRIDGE

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 73,437
HONORABLE JAMES RAY MCCLELLAND, DISTRICT JUDGE

**********

**ULYSSES GENE THIBODEAUX**
**CHIEF JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and Marc T. Amy, Judges.

**AFFIRMED.**

**James L. Pate**
**Jason T. Reed**
**Laborde & Neuner**
**P. O. Drawer 52828**
**Lafayette, LA 70505-2828**
**Telephone: (337) 237-7000**
**COUNSEL FOR:**
    **Defendant/Appellant - City of Breaux Bridge**

**Kyle Liney Mark Gideon**
**Davidson, Meaux, Sonnier, McElligott, Fontenot, Gideon & Edwards, LLP**
**P. O. Box 2908**
**Lafayette, LA 70502-2908**
**Telephone: (337) 237-1660**
**COUNSEL FOR:**
    **Plaintiff/Appellant - Macro Oil Company, Inc.**

**THIBODEAUX, Chief Judge.**

Macro Oil Company, Inc. ("Macro") filed this suit against the City of Breaux Bridge ("City") after the Breaux Bridge City Council ("City Council") denied Macro's rezoning and variance application. Macro filed a motion for partial summary judgment requesting that the trial court overturn the City Council's decision and award Macro monetary damages. Following a hearing, the court granted Macro's motion and ordered the City to grant Macro's application. The court found the City was entitled to discretionary immunity, however, and granted summary judgment to the City on the issue of damages. Macro and the City appeal. For the following reasons, we affirm both judgments.

I.

**ISSUES**

We will consider:

(1)  whether the trial court erred in granting summary judgment in favor of Macro on the issue of Macro's zoning and variance requests; and

(2)  whether the trial court erred in granting summary judgment in favor of the City on the issue of discretionary immunity.

II.

**FACTS AND PROCEDURAL HISTORY**

Macro purchased five acres of property at the intersection of Interstate 10 and Louisiana Highway 328 in St. Martin Parish ("the property"). Before the purchase, the company had requested and received confirmation from St. Martin Parish that the property was zoned for a truck stop casino that sells alcohol. That same year, after Macro purchased the property, the City annexed it into Breaux Bridge. The City zoned the property according to a C-2 classification, which

permits commercial businesses, including a truck stop, but does not allow gaming devices or alcohol.

To build the truck stop casino under the new zoning arrangement, Macro filed an application with the Breaux Bridge Planning and Zoning Commission ("Commission") requesting the property be rezoned to a C-4 classification to allow Macro to sell alcohol. Macro similarly requested a variance to include gaming devices at its establishment. Following a public hearing, the Commission recommended that the application be denied.[1] Macro appealed to the City Council, which rejected the application after one member voted to deny, two members voted to approve, and two members abstained from voting.[2]

Macro sued the City in district court to overturn the City Council's decision and filed a motion for partial summary judgment, which the trial court granted. The court issued a writ of mandamus ordering the City to rezone the property and grant the variance. The City also filed a motion for partial summary judgment on the issue of damages, and the court granted the motion after finding that the City is entitled to statutory immunity. Both parties appeal.

III.

## LAW AND DISCUSSION

### Standard of Review

We review a grant of summary judgment de novo "using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law." *Supreme Servs. and Specialty*

---

[1]Some procedural details of Macro's application process are irrelevant to our decision and are not included here.

[2] A majority of the City Council members present were required to approve the application; therefore, Macro had to obtain three "yes" votes. Even though only one City Council member voted to reject the application, it was denied because two members abstained from voting.

*Co., Inc. v. Sonny Greer, Inc.*, 06-1827, p. 4 (La. 5/22/07), 958 So.2d 634, 638. Once the mover has made a prima facie case that the motion should be granted, the non-mover must then present evidence sufficient to show a genuine issue of material fact. La.Civ.Code art. 966(C)(2); *Simien v. Med. Protective Co.*, 08-1185 (La.App. 3 Cir. 6/3/09), 11 So.3d 1206, *writ denied*, 09-1488 (La. 10/2/09), 18 So.3d 117. If the non-mover fails to present some evidence that he might be able to meet his burden of proof at trial, the motion should be granted. *Id.* An appellate court reviews a zoning board's decision directly, and considers whether the board "acted arbitrarily, capriciously or with any calculated or prejudicial lack of discretion." *King v. Caddo Parish Comm'n*, 97-1873, p. 15 (La. 10/20/98), 719 So.2d 410, 418 (quoting *Papa v. City of Shreveport*, 27,045, p. 4 (La.App. 2 Cir. 9/29/95), 661 So.2d 1100, 1103, *writ denied*, 95-2544 (La. 1/5/96), 666 So.2d 295).

*Discussion*

I. **The City Council was arbitrary and capricious in denying Macro's requests.**

The City argues that the trial court erred in holding that the City Council was arbitrary and capricious and in ordering the City to rezone the property and grant the variance. We disagree. The City Council was arbitrary and capricious if it acted with "willful and unreasoning action, absent consideration and in disregard of the facts and circumstances of the case." *King*, 719 So.2d at 418 (quoting *Four States Realty Co., Inc. v. City of Baton Rouge*, 309 So.2d 659, 666 (La.1974)). If the decision is "unreasonable under the circumstances," and bears no relation to the health, safety, or general welfare of the public, then it should be reversed. *Id.*; *Toups v. City of Shreveport*, 10-1559 (La. 3/15/11), 60 So.3d 1215.

3

The City Council was arbitrary and capricious because all of the community concerns it expressed related to Macro's ability to build a truck stop, not to the substance of Macro's request. Further, Macro offered remedial measures to each concern, even though such explanation was not required. Finally, the City Council treated Macro differently than other identical businesses in the area.

The only City Council member who voted against Macro cited concerns of traffic, drainage, and aesthetics. The City argues that these concerns are substantially related to the health, safety, and welfare of its citizens. All of these matters, however, regard Macro's decision to build a truck stop, for which the property is already zoned, and do not address the addition of alcohol or gaming devices. For instance, the traffic issues involve the ability of eighteen-wheeled trucks to successfully maneuver to Macro's proposed truck stop. This capability is neither hindered nor supported by alcohol or gaming. Likewise, the aesthetics of the truck stop and any drainage issues will remain the same regardless of alcohol or gambling. The City failed to justify why the introduction of alcohol and gaming would be detrimental to the safety or welfare of the Breaux Bridge community.

Furthermore, Macro proposed remedial measures to each truck stop concern. It offered to invest in a filter for the truck stop's drainage and to install a fence and shrubbery in order to appease concerns about aesthetics. The company also stated that it would widen the service road leading to the property to minimize traffic congestion.

The City Council was similarly arbitrary because two other truck stop casinos that sell alcohol are allowed to operate in the area immediately surrounding Macro's property. Where other businesses are granted zoning and permit requests in similar situations, the refusal of the rezoning request "may constitute non-uniform application of zoning ordinance[s]" that is arbitrary and capricious. *King*, 719 So.2d at 419; *Clark v. City of Shreveport*, 26,638, p. 9 (La.App. 2 Cir.

4

5/10/95), 655 So.2d 617, 622. Pilot's Travel Center and Silver's Casino both operate truck stop casinos that sell alcohol and are located to the southeast and northwest of Macro's property, respectively. Both of these establishments faced public opposition, but were granted appropriate zoning classifications nonetheless. The City Council treated Macro's request in a non-uniform and arbitrary way given the other identical businesses in the immediate area.

We find that the City's decision to reject Macro's application was arbitrary and capricious.

## II.    The City is entitled to discretionary immunity.

Macro argues that the City is liable to it for lost profits after the City Council rejected Macro's application. The City claims immunity under the discretionary immunity statute, which states that liability "shall not be imposed on public entities . . . based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties." La.R.S. 9:2798.1(B). Macro asserts that this case is excepted because the provisions of statutory immunity do not apply to acts which are "not reasonably related to the legitimate governmental objective for which the policymaking or discretionary power exists." La.R.S. 9:2798.1(C)(1). Macro contends that if we find the City Council was arbitrary and capricious, then we must *per se* find that the City Council's actions were not reasonably related to a legitimate governmental objective. We disagree.

Discretionary immunity depends on a two-step inquiry. *Fowler v. Roberts*, 556 So.2d 1 (La.1989). We must first decide whether the zoning body exercised a choice; if it was required to follow a specific course of action, then discretionary immunity does not apply. *Id.* If the board exercised discretion, then we must examine whether the decision was grounded in social, economic, or

5

political policy. If the decision was not based on a policy consideration, then the board may be liable for damages. *Id.*

The City Council exercised a choice by rejecting Macro's application, and that choice was grounded in policy considerations. Although the City Council's policy concerns were misplaced because they related to the truck stop and not gaming or alcohol, it considered these policies nonetheless. Further, if we accept Macro's argument that a zoning body which acts arbitrarily and capriciously will always be liable for monetary damages if its decision is overturned, it would significantly deter deliberative conduct by the zoning body. The City Council must be free to consider all circumstances of a decision without the threat of damages. We find the City is entitled to statutory immunity.

IV.

**CONCLUSION**

For the reasons above, we affirm the trial court's grant of partial summary judgment to Macro on the rezoning and variance issues, and we affirm the trial court's grant of partial summary judgment to the City on the issue of discretionary immunity. Costs of this appeal are to be shared equally by Macro Oil Company, Inc. and the City of Breaux Bridge.

**AFFIRMED.**

6