SHORTESS, Judge.
St. Tammany Homesites, Inc. (Home-sites) filed a petition for declaratory judgment against the Parish of St. Tammany (Parish), wherein it sought a declaration of its legal rights in connection with the development of certain immovable property owned by it in St. Tammany Parish. The prayer of Homesites’ petition provided as follows:
WHEREFORE, petitioner prays that after due proceedings, there be judgment herein in favor of the petitioner, ST. TAMMANY HOMESITES, INC., and against the defendant, THE PARISH OF ST. TAMMANY, decreeing that the owner of any lots within a platted and recorded subdivision has the right to the use of said lot regardless of lot size, including the right to offer it for sale or lease, and that there be judgment fixing and determining rights, status, and other legal relations existing between and among the parties of this litigation.
When the Parish failed to respond to Homesites’ petition, it took a preliminary default on February 28, 1984. Later, on December 20,1984, it confirmed the default and obtained a judgment which provided as follows:
IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of ST. TAMMANY HOMESITES, INC., and against the defendant, ST. TAMMANY PARISH, declaring that the owner of any lots within a platted and recorded subdivision has the right to the use of said property subject to the zoning for such property and sanitary waste disposal regulations, including the right to sell or lease such property and the right of access across and the right to improve, at owners expense, dedicated parish roads upon which the lots front.
The Parish has appealed, urging several assignments of error and issues for review. We need only to review the first assignment of error, as it is dispositive of the case:
(1) The confirmation of judgment by default was substantially different from that demanded in the petition all in [contravention] of La.Code of Civil Procedure Article 1703.
LSA-C.C.P. art. 1703 provides as follows:
*451 A judgment by default shall not be different in kind from or exceed in amount that demanded in the petition.
Unquestionably, the judgment as rendered and signed differs in several respects from the relief prayed for in plaintiffs petition. Homesites argues, however, that the judgment was not substantially different in kind from that demanded in its petition because the prayer of the petition must be read in connection with the allegations of the petition to determine the effect or validity of a default judgment. We have carefully examined the allegations of Homesites’ petition. Nowhere, for example, does plaintiff indicate that it seeks the right to improve dedicated Parish roads. Yet this is the primary right granted to it in the judgment. It takes little imagination to appreciate the chaos which could result if every landowner with property fronting on dedicated Parish roads decided to improve the road according to his own whim or fancy. Yellow brick roads would abound in one place while dirt roads would prevail elsewhere, with endless variances in between, apparently subject only to the property owner’s discretion because of the blanket grant of authority. This relief certainly was different in kind from that sought in the petition and renders the judgment null and void.
For the reasons set forth above, we find the judgment signed December 20, 1984, to be null and void and of no effect, and we reverse and remand this case to the trial court. All costs are taxed to Homesites.
REVERSED AND REMANDED.