665 So.2d 579 (1995)
Maria C. WHITE
v.
ESPLANADE PROPERTIES CORPORATION, et al.
No. 95-CA-571.
Court of Appeal of Louisiana, Fifth Circuit.
November 28, 1995.
George P. Hebbler, Jr., Turner, Young, Hebbler & Babin, New Orleans, for Defendant/Appellant.
Gerard P. Archer, Metairie, for Plaintiff/Appellee.
Before BOWES, GRISBAUM and GOTHARD, JJ.
GOTHARD, Judge.
Defendant, Esplanade Properties Corporation (Esplanade Properties), appeals the confirmation of a default judgment rendered in favor of plaintiff, Maria C. White. We reverse.
This matter began with the filing of a petition by plaintiff on November 22, 1994. The suit alleged that, while shopping at the Esplanade Mall in Kenner the plaintiff, "stepped down over a removed section of the curb and/or sidewalk and fell severely injuring her right knee". The petition also asserted that defendant, Esplanade Properties, was the owner and/or operator of the mall. Service on the petition was initially withheld. However, on January 31, 1995 service was made on Esplanade Properties through its registered agent for service of process, C.T. Corporation. Because defendant failed to answer the petition, plaintiff filed a motion *580 for preliminary default which was granted on May 7, 1995. That default was confirmed on May 15, 1995, resulting in a judgment against Esplanade Properties in the amount of $49,989.43. It is from that judgment that Esplanade Properties appeals.
In brief to this Court, Esplanade Properties argues that the plaintiff should not have been granted a default judgment because she has not established by prima facie evidence that Esplanade Properties owned and/or operated the premises on which she was injured. Esplanade Properties asserts that the Esplanade Mall is owned by CF Kenner Associates, and managed by Cadillac-Fairview Shopping Centers Ltd. In the alternative Esplanade Properties argues that the default was obtained by ill practices.
At the hearing on the confirmation of the default judgment, the plaintiff testified that she was shopping with her mother at the Esplanade Mall on November 26, 1993 for about three hours. When they left through one of the Dillard's Department Store (Dillard's) exits, the plaintiff stepped down from the sidewalk to the curb and fell, injuring her knee. A representative from Dillard's took the information from Ms. White and completed a report on the incident. Ms. White testified further as to the extent of her injuries and the treatment which she underwent as a result of the fall. The plaintiff introduced documentary evidence to support her claim for medical expenses totaling approximately $10,000.00.
Also introduced into evidence were three letters dated March 2, 6, and 30, 1995 written by plaintiff's counsel to Mr. Alan J. Latapie, New Orleans Rosenbush Claims Service, Inc. (Rosenbush). These letters reference Esplanade Properties as an insured. The first letter forwards a medical narrative on Ms. White's injury to Rosenbush and requests contact for a settlement discussion. The second letter is a demand letter of settlement in the amount of $40,000.00 plus medicals. The third letter references the previous letter and states that unless a reply is made within 10 days counsel will proceed with the litigation. Ms. White verified that she authorized the demand offer and stated that she had previously met with Mr. Latapie and gave a voluntary statement.
Counsel for plaintiff explained to the trial court that he called Mr. Latapie in mid-April as a courtesy. Mr. Latapie asked to be given until the end of April to respond. Plaintiff's counsel stated that he telephoned Mr. Latapie on May 2, 1995, left a message but did not get a response. He called again on May 3, but again did not get a response to his phone message. Consequently, he proceeded with the default. After hearing the testimony and viewing the documentary evidence the trial court confirmed the default against Esplanade Properties for $40,000.00 plus all medicals.
"A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case ..." LSA-C.C.P. art. 1702; Zahn v. Hibernia Nat. Bank, 94-204 (La.App. 5 Cir. 11/16/94), 646 So.2d 1149. To establish a prima facie case a plaintiff must prove the essential elements of the claim by competent evidence with legal certainty, as fully as though each allegation was specifically denied by the defendant. Hollis v. Norton, 586 So.2d 656 (La.App. 5 Cir.1991). While the evidence offered at the hearing supports a prima facie case that the plaintiff was injured, there was nothing offered to show that the defendant cast in judgment was in any way responsible for that injury. The plaintiff offered nothing to show that Esplanade Properties had an ownership interest or a management responsibility associated with the Esplanade Mall. A plaintiff must produce proof of a claim against the party sued. Eddie's Hardware, Inc. v. Rago, 320 So.2d 276 (La.App. 4 Cir. 1975). We find that the plaintiff did not make a prima facie case that Esplanade Properties was the party liable for her injuries. Therefore, we find that a default judgment was improperly granted.
Because we find merit in defendant's first argument, we pretermit any discussion on the issue of ill practices.
For the foregoing reasons the default judgment is hereby vacated and the matter is remanded to the trial court for further proceedings. Costs of this appeal are assessed to appellee.
*581 JUDGMENT VACATED; MATTER REMANDED.