| .MARION F. EDWARDS, Judge.
Defendant/Appellant, Paradise Foods, Inc., of Mississippi, appeals the confirmation of a default judgment rendered in favor of the plaintiff, Sarah Abies. We reverse the judgment and remand the matter to the trial court.
Sarah Abies, (“Abies”), filed suit on April 18, 2000, against Paradise Foods, Inc., of Mississippi, (“Paradise”) and Danielle Anderson, (“Anderson”). Abies alleged that while she was a patron at a Taco Bell restaurant, owned and operated by Paradise, Anderson, a Taco Bell employee, caused her physical injury following a dispute over an order. On April 27, 2000, service was made upon Paradise through its registered agent. Paradise failed to timely answer the suit, and on May 15, 2000, Abies filed a Motion for Preliminary Default against Paradise. The Honorable Martha Sassone granted Abie’s preliminary default on May 15, 2000. On May 18, 2000, in front of the Honorable Judge Walter Rothschild, Abies *1007 confirmed the default against Paradise in the amount of ]3$10,981.00. On May 30, 2000, Paradise filed a motion for a new trial which was denied by Judge Sassone on July 26, 2000. Paradise appeals the default judgment as well as the denial of its motion for a new trial.

Law and Analysis

On appeal, Paradise asserts four assignments of error: 1) that Abies failed to make a prima facie case in that no competent evidence was offered that Paradise owned or operated the store in question on the day of the incident; 2) that the trial court erred in rendering a judgment in favor of Abies because there was no adequate proof of an assault or battery based on the transcript of the testimony contained in the record; 3) that the trial court erred in ruling on the motion for a new trial because the evidence at the default confirmation was actually considered by another District Judge; and 4) that the trial court erred in not granting a new trial where the judgement was clearly contrary to law and evidence. Conversely, Abies argues that the evidence presented at the default confirmation was sufficient to establish a prima facie case, and that the judgement was properly granted.
At the default confirmation hearing, Abies testified to the following: On the night of July 22, 1999, she and a friend entered into the “drive-up” portion of a Taco Bell restaurant to place an order. Abies was waited upon at the window by Danielle Anderson, a Taco Bell employee. Abies testified that a dispute arose between herself and Anderson, regarding whether Anderson had actually given her the drink she had ordered with her meal. Abies alleged that following a brief verbal exchange, Anderson exited the Taco Bell building wielding a spatula, and approached her in the car where she was a passenger. Abies then stated that she exited the car, whereupon Anderson proceeded to beat her, causing injury to her 1¿head, knees, ankles and back. Abies further testified that as a result of the altercation, she was treated at the emergency room at West Jefferson Hospital, and did follow up care with Dr. Blanfin through February, 2000. Abie’s medical records were entered into evidence in support of her claim.
Abies also entered into evidence a letter from Emile Gauthreaux, Jr., Director of the Bureau of Revenue and Taxation for Jefferson Parish. The letter stated in relevant part:
“On July 30, 1999, Robert G. Paradise filed an affidavit with the Jefferson Parish Clerk of Court stating that Paradise Foods, Inc. of Mississippi will own and operate the business known as Taco Bell # 2331 located at 3010 U.S. Highway 90, in Avondale, Louisiana.
On August 6, 1999, a recorded copy of the above mentioned affidavit was submitted to this office along with an application to pay the Jefferson Parish Occupational License Tax and to register for the filing and remitting of Jefferson Parish Sales/Use Tax for said business location.”
In commenting on the relevance of the letter to the confirmation hearing, Abies’ counsel told the court that, “The letter is self-explanatory, but it basically indicates that the Taco Bell is owned by a corporation called Paradise Foods of Mississippi, Inc. They own the occupational license.”
Finally, Abies filed into evidence a document entitled, “Louisiana Secretary of State Selected Business Detailed Data.” This document, apparently generated from the Louisiana Secretary of State’s web site, shows that Paradise, a “Non-Louisiana” corporation, first qualified to do business in Louisiana on November 30, 1995. *1008 The corporation officers and local registered agent are also listed.
Paradise asserts in its first assignment of error that the default judgment was improperly granted because Abies failed to offer competent evidence which proved that it owned or operated the store in question on the day of the alleged [¡¡incident. LSA-C.C.P. art 1702(A) states in relevant part that, “A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case.” This Court has previously held that to establish a prima facie case, a plaintiff must prove the essential elements of the claim by competent evidence with legal certainty, as fully as though each allegation was specifically denied by the defendant.[1] Furthermore, the determination of whether there is sufficient proof is a question of fact and should not be disturbed on appeal unless it is manifestly erroneous.[2]
In White v. Esplanade Properties[3] we noted that, where a plaintiff did not offer anything to show that a defendant had an ownership interest or a management responsibility over the site of an alleged accident, there was no prima facie case made that the defendant was the party liable for her injuries.[4] Similarly, in this case, a review of the evidence submitted by Abies does not establish a prima facie case that Paradise had either ownership or control of the location at the time of the alleged incident.
The documentation obtained from the Secretary of State, on its face, does not provide any information beyond that fact that Paradise became qualified to do business in Louisiana in 1995. It does not indicate that Paradise had owned or operated the Taco Bell in question on the night of July 22, 1999. Furthermore, the letter submitted from the Jefferson Parish Bureau of Revenue and Taxation establishes only that an officer of Paradise had filed an affidavit, over one week | ¡¡after the incident, which stated that Paradise “will own and operate” the Taco Bell in question at an unspecified time in the future. The letter also states that Paradise applied to obtain its Jefferson Parish Occupational License tax on August 6, 1999, several weeks after the alleged incident had occurred. This document, on its face, does not establish to a legal certainty that Paradise owned or operated the Taco Bell during the time in question, and, in fact, appears to indicate an intention of future ownership of the Taco Bell location by Paradise.
Abies argues in her brief that it cannot be presupposed that a business will not be operated until an occupational license is obtained, and that Jefferson Parish has a policy of granting a two month grace period within which a business can obtain an occupation license. The record reflects that the trial Court was not informed by Abies of such a practice by the Parish at the time of the confirmation hearing, nor was any evidence submitted in support of this contention. The record contains no evidence that Paradise either owned or was in control of the premises at the time of the alleged injury. Therefore we find that the default judgment was improperly granted.
Because we find that there is merit in defendant’s first assignment of error, we *1009 pretermit discussion on the remaining assignments.
In summary, we find that the evidence submitted in support of the default judgment did not establish a prima facie case that Paradise owned or operated the establishment in question at the time of the alleged incident. For the foregoing reasons, the judgement of default is hereby reversed and the matter is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.

. Hollis v. Norton, 586 So.2d 656 (La.App. 5 Cir.1991).

. Fridge v. Sampognaro, 97-240 (La.App. 5 Cir. 9/30/97), 700 So.2d 1090.

. 95-571 (La.App. 5 Cir. 11/28/95), 665 So.2d 579.

. Id. at 580.