923 So.2d 770 (2006)
Danny CUNNINGHAM
v.
M & S MARINE, INC. and M & S Towing, Inc.
No. 2005-CA-0805.
Court of Appeal of Louisiana, Fourth Circuit.
January 11, 2006.
*771 Lawrence Blake Jones, David C. Whitmore, Scheuermann & Jones, New Orleans, LA, for Plaintiff/Appellee, Danny Cunningham.
Christopher K. Tankersley, Scott O. Gaspard, Burglass & Tankersley, L.L.C., Metairie, LA, for Defendant/Appellant, M & S Towing, Inc.
*772 (Court composed of Judge TERRI F. LOVE, Judge MAX N. TOBIAS, Jr., Judge LEON A. CANNIZZARO, Jr.).
LEON A. CANNIZZARO, Jr., Judge.
This is an appeal from a judgment confirming a default entered against the defendants, M & S Marine, Inc. (M & S Marine), and M & S Towing, Inc. (M & S Towing), in a personal injury suit brought by the plaintiff, Mr. Danny Cunningham. We reverse the judgment, in part.

FACTS AND PROCEDURAL HISTORY
The plaintiff filed a petition for damages, alleging that he was injured on an unsafe vessel, the M/V BIG EASY, while in the course and scope of his duties as a seaman. He further alleged that the defendants, M & S Marine and M & S Towing, were the owners and/or operators of the vessel. After the defendants failed to answer the petition, a default was entered and later confirmed against them. The defendants were cast in judgment for $50,051.00. Both defendants timely appealed, but only M & S Towing filed a brief. Thus, this appeal addresses only the sole assignment of error raised by M & S Towing.
M & S Towing concedes that it was served with the petition and did not answer, but argues the evidence was insufficient to support the judgment. Specifically, M & S Towing claims that the only evidence presented was an affidavit from a doctor, Francis Allen Johnston, M.D.[1], and the plaintiff's own affidavit that stated:
2. On March 18, 2003, I was employed as a seaman aboard the M/V BIG EASY, a vessel owned and/or operated by the defendants, which vessel was in the navigable water of the Untied States in Plaquemines Parish, Louisiana.
3. In the course of performing my assigned duties on that date, I was injured when a keeper on a ratchet came loose and caused me to fall.
M & S Towing argues that although the plaintiff correctly alleged that he was a member of the crew of the M/V BIG EASY, which was operated by M & S Marine pursuant to a charter agreement between M & S Marine and Dufriend Towing Co., Inc., the owner of the M/V BIG EASY, the plaintiff incorrectly alleged that M & S Towing was the owner and/or operator of the vessel. The only evidence offered by the plaintiff regarding the involvement of M & S Towing in his alleged accident or injury is merely his own testimony as to its alleged ownership and operation of the M/V BIG EASY. M & S Towing contends that it had absolutely no involvement with the M/V BIG EASY and/or the plaintiff's employment.

LAW AND DISCUSSION
"A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case." La. C.C.P. art. 1702(A). Construing the prima facie case requirement of Article 1702, the Louisiana Supreme Court in Sessions & Fishman v. Liquid Air Corp., 616 So.2d 1254 (La.1993), stated:
In order for a plaintiff to obtain a default judgment, "he must establish the elements of a prima facie case with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant." Thibodeaux v. Burton, 538 So.2d 1001, 1004 (La. 1989); Blue Bonnet Creamery, Inc. v. *773 Simon, 243 La. 683, 146 So.2d 162, 166 (1962). "In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail on a trial on the merits." Thibodeaux, 538 So.2d at 1004. A plaintiff seeking to confirm a default must prove both the existence and the validity of his claim.
616 So.2d at 1258.
In reviewing a default judgment, an appellate court is restricted to determining whether the record contains sufficient evidence to prove a prima facie case. Rhodes v. All Star Ford, Inc., 599 So.2d 812, 813 (La.App. 1 Cir.1992).
Confirming a default judgment is akin to a trial at which only the plaintiff is present. 1 Frank L. Maraist & Harry T. Lemmon, Louisiana Civil Law Treatise: Civil Procedure § 12.3 (1999). At such trial, the unopposed plaintiff must comply with a set of special, somewhat strict rules in proving his claim. 19 Frank L. Maraist, Louisiana Civil Law Treatise: Evidence and Proof § 2.9 (1999). The following special rules are pertinent to the present case.
First, the plaintiff is confined to the facts and the theories pled in his petition; he may not expand his pleadings by introducing evidence at the confirmation hearing. Thus, the plaintiff is precluded from obtaining a default judgment "different in kind from that demanded in the petition." La. C.C.P. art. 1703; see Spear v. Tran, 96-1490 (La.App. 4 Cir. 9/18/96), 682 So.2d 267. However, the Louisiana Supreme Court has held that "the pleadings which lead up to the demand, or prayer, upon which a default judgment is based are to be construed no more restrictively than pleadings suggestive of other judgments." Royal Furniture Co. of Baton Rouge, Inc. v. Benton, 260 La. 527, 532, 256 So.2d 614, 616 (1972).
Second, "[b]ecause at a default confirmation there is no objecting party,... both plaintiff and the trial judge should be vigilant to assure that the judgment rests on admissible evidence" that establishes a prima facie case. George W. Pugh, Robert Force, Gerald A. Rault, Jr., and Kerry Triche, Handbook on Louisiana Evidence Law 639 (2003 ed.). As a corollary, "[e]xcept as authorized by the Code of Civil Procedure Article 1702, or evidence that fits within one of the exceptions provided by [the Louisiana Evidence] Code, hearsay evidence is inadmissible to confirm a default." Id.; see La. C.E. art. 1101(A)(providing that "[e]xcept as otherwise provided by legislation, the provisions of this Code shall be applicable to the determination of fact ... in proceedings to confirm a default.")
Third, depending on the nature of the plaintiff's demand, Article 1702 sets forth several exceptions to the rule against the use of hearsay evidence at the confirmation hearing. One of those pertinent exceptions is that "[w]hen a demand is based upon a delictual obligation, the testimony of the plaintiff with corroborating evidence, which may be by affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case, shall be admissible, self-authenticating, and sufficient proof of such [delictual] demand." La. C.C.P. art. 1702(B)(2). Another pertinent exception is that "[w]hen the demand is based upon a claim for personal injury, a sworn narrative report of the treating physician or dentist may be offered in lieu of his testimony." La. C.C.P. art. 1702(D); see Smith v. Lewis, 597 So.2d 1267 (La.App. 3 Cir.1992)(construing this provision to mean that a treating physician's affidavit that incorporates an attached narrative report is a "sworn narrative report of the treating physician" sufficient to establish a prima facie case).
*774 Finally, a defendant against whom a default judgment is confirmed may not assert an affirmative defense on appeal. Having failed to answer or defend the suit, a defendant cannot defeat the default judgment against it by asserting a defense on appeal. Galland v. National Union Fire Ins. Co. of Pittsburg, Pennsylvania, 452 So.2d 397, 398-99 (La.App. 3 Cir.1984); Romero v. Sunseri, 359 So.2d 305, 308 (La.App. 4 Cir.1978).
Here, M & S Towing argues that the plaintiff produced insufficient evidence to make a prima facie case to show that M & S Towing was the owner of the vessel. The plaintiff alleged in his petition that, in fact, M & S Towing was the owner; however Louisiana jurisprudence is settled that in securing a default judgment, the plaintiff must prove all the essential elements of his petition as fully as if they had been specifically denied. Ducharme v. Guidry, 392 So.2d 755 (La.App. 3 Cir. 1980). M & S Towing argues that the statement in the plaintiff's affidavit that M & S Towing was the owner of the vessel was the only evidence the plaintiff presented and that it constituted hearsay[2].
The record reflects that the only evidence presented that M & S Towing was the owner of the vessel was the plaintiff's attestation in his affidavit that M & S Towing was, in fact, the owner. Because there is no exhibit attached to the plaintiff's affidavit that corroborates his statement that M & S Towing was the owner of the vessel and because there was no other basis from which one can conclude that M & S Towing owned the vessel, the plaintiff's statement is inadmissible hearsay. Absent any other evidence of ownership, we find that the plaintiff failed to present sufficient evidence to establish a prima facie case against M & S Towing. See White v. Esplanade Properties Corp., 95-571 (La.App. 5 Cir. 11/28/95), 665 So.2d 579 (a default judgment entered against Esplanade Properties, Inc., after a slip and fall in a shopping mall was reversed for failure to present evidence to show the defendant owned the mall); Ables v. Anderson, 2001-299 (La.App. 5 Cir. 10/17/01), 800 So.2d 1006 (a default judgment in a slip and fall suit against a fast food restaurant was reversed where the plaintiff failed to present evidence that the named defendant was the owner.) We, therefore, reverse the default judgment entered against M & S Towing.

CONCLUSION
Accordingly, the part of the trial court judgment confirming the default entered against the defendant, M & S Towing, Inc., is reversed. In all other respects, the judgment is affirmed.
REVERSED IN PART; AFFIRMED IN PART.
NOTES
[1] The doctor's affidavit said he had diagnosed the plaintiff with right carpal tunnel syndrome, that the injury was related to the accident, and that the plaintiff should undergo a right carpal tunnel release.
[2] "Hearsay is a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted." La. C.E. art. 801.