GARY M. GAUDIN
v.
GEORGE WAGUESPACK
No. 2009 CA 0218
Court of Appeals of Louisiana, First Circuit.
September 11, 2009.
Not Designated for Publication
DONALD D. CANDELL Gonzales, LA, Attorney for Plaintiff-Appellee Gary M. Gaudin.
JEAN-PAUL ROBERT Gonzales, LA, Attorney for Defendant-Appellant George Waguespack.
DAVID CALOGERO Lafayette, LA, Attorney for Intervenor-Appellee Elaine Waguespack.
Before: WHIPPLE, HUGHES, and WELCH, JJ.
WELCH, J.
Defendant, George Waguespack, appeals a default judgment entered in favor of Gary Gaudin that dissolved a law corporation, adjudicated the percentage and/or amount of attorney fees owed to the corporation and to the shareholders in connection with the corporation's resolved and pending cases, divided some of the corporation's assets, provided for the distribution of corporate funds to the shareholders, and ordered that the attorney fees and expense reimbursement awarded to defendant be placed into the registry of the court pending the resolution of his divorce proceeding. We reverse and remand.

BACKGROUND
On September 5, 2007, Gary Gaudin, a director and shareholder in the law firm of Waguespack & Gaudin, APLC (Waguespack & Gaudin), filed a petition seeking an accounting and involuntary dissolution of the corporation pursuant to La. R.S. 12:143 against the firm's only other director and shareholder, George Waguespack. In the petition, Mr. Gaudin made the following allegations: On June 21, 2002, the corporation was formed; in September of 2004, Mr. Gaudin, who was no longer interested in continuing a law practice with Mr. Waguespack, consulted an attorney for the purpose of commencing the dissolution process. Thereafter, all existing clients of Waguespack & Gaudin were notified of the forthcoming dissolution and were asked to select either Mr. Gaudin or Mr. Waguespack to continue with their representation. Mr. Gaudin continued to represent former clients of Waguespack & Gaudin through a newly formed and relocated practice, Gary M. Gaudin, APLC, while Mr. Waguespack continued to represent former clients of Waguespack & Gaudin through a newly formed corporation, George Waguespack & Associates. Settlements and judgment proceeds were obtained by Mr. Gaudin and Mr. Waguespack in connection with legal claims asserted on behalf of Waguespack & Gaudin's former clients. While Mr. Gaudin and Mr. Waguespack were able to amicably resolve the amount of attorney fees due to the corporation, to each shareholder, and the appropriate expense reimbursement with respect to some of the corporation's cases, they were unable to reach an agreement.
In the petition, Mr. Gaudin averred that the attorney fees in the disputed cases should be divided commensurate with the legal work, financing, and overall effort contributed by Waguespack & Gaudin prior to the firm's termination as a working law firm as compared to work performed by Gary M. Gaudin, APLC or George Waguespack & Associates thereafter. The petition, however, does not set forth any facts specific to the client files regarding the attorney fee distribution. Mr. Gaudin asserted that both he and Mr. Waguespack were obligated to fully account for and disclose to the other the details of settlements, judgments, and ongoing litigation in connection with those cases derived from Waguespack & Gaudin.
In his prayer for relief, Mr. Gaudin asked that the court render judgment ordering both parties to provide to the other a full and complete accounting of any and all assets in their respective possession belonging in whole or in part to Waguespack & Gaudin, and thereafter, a judgment fairly and justly dividing the remaining assets of the corporation on a quantum meruit basis. He further prayed for an order authorizing a corporate dissolution or, in the alternative, a plan of dissolution pursuant to La. R.S. 12:143, which sets forth the requisites for an involuntary corporate dissolution. In the petition, Mr. Gaudin alleged that the grounds for an involuntary dissolution had been met in that the corporation had ceased operating as a law corporation for more than one year and that its directors had been unable to amicably resolve their differences to dissolve the corporation.
On November 13, 2007, Mr. Gaudin filed a motion for a preliminary default judgment on the basis that Mr. Waguespack had been served with a copy of the petition on September 25, 2007, but filed no answer or responsive pleading. On that date, the trial court granted a preliminary default against Mr. Waguespack. On January 9, 2008, Elaine C. Waguespack, Mr. Waguespack's wife, intervened in the proceeding to assert an interest in the corporate assets.
On February 29, 2008, the trial court held a hearing to confirm the default. At the hearing, Mr. Gaudin testified and through his testimony, introduced evidence consisting of summaries of cases that had originally been handled by Waguespack & Gaudin that were not settled or resolved as of November 21, 2004, the date on which he claimed the attorneys ceased to conduct business as a law firm. Mr. Gaudin offered an exhibit setting forth the amount of attorney fees recovered in 24 resolved cases he handled and 8 resolved cases handled by Mr. Waguespack. In each case, Mr. Gaudin made a determination as to the percentage of work done prior to the informal dissolution of the corporation and the percentage of work done by the new law firms. The exhibit also set forth the expenses incurred in each case, the amount of expenses attributable to Waguespack & Gaudin, and the amount attributable to the new firm. Included in the data was a pending case Mr. Gaudin was handling.
Following the hearing, the trial court rendered judgment dissolving Waguespack & Gaudin pursuant to statute. In connection with the data provided by Mr. Gaudin and after making some calculation corrections, the trial court entered awards of attorney fees in the resolved cases in favor of Waguespack & Gaudin, divided those amounts equally between Mr. Waguespack and Mr. Gaudin, awarded a percentage of the attorney fees in each case to the attorney who worked on the case, and determined the amount of expense reimbursement due to each attorney. The court also determined the percentage of fees Mr. Gaudin was entitled to in a pending case. The trial court determined that Waguespack & Gaudin was owed $217,329.00 in attorney fees and awarded one-half of that sum to Mr. Waguespack as well as certain expense reimbursements, reducing that amount by attorney fees and expenses owed to Mr. Gaudin, for a total award of $129,141.65 to Mr. Waguespack. The court ordered that the funds be deposited into the registry of the court to be disbursed pending resolution of Mr. Waguespack's divorce proceeding.
Additionally, the court divided Waguespack & Gaudin's furniture and fixtures and ordered that funds remaining in the corporation's accounts be used to remove the former firm's billboard and pay the notary assigned in the case, with any remaining funds to be disbursed between the former shareholders. The court also decreed that Mr. Gaudin was authorized to retrieve the corporation's client files and accounting files and appointed a notary to inventory the files removed by Mr. Gaudin.
On May 1, 2008, Mr. Waguespack filed an answer and reconventional demand against Mr. Gaudin. Also on that day, Mr. Waguespack filed a motion for a new trial, which was denied.[1] This appeal followed.

DISCUSSION
In this appeal, Mr. Waguespack attacks the validity of the default judgment, arguing that: (1) the judgment varied substantially from the prayer in the original petition in violation of La. C.C.P. art. 1703; (2) the parties failed to notify Mr. Waguespack of the impending default judgment; (3) the judgment cannot be considered a final judgment because it does not resolve all of the issues; (4) the interests of justice demand that Mr. Waguespack be allowed to present evidence as to the assets and liabilities of the corporation so that a proper and equitable distribution of the corporation can be made; and (5) the corporation is an indispensible party to the dissolution proceeding and should have been named as a defendant in the proceedings below. Because we agree that the default judgment violates La. C.C.P. art. 1703, we pretermit discussion of all other alleged procedural deficiencies in the default judgment under review.
Confirming a default judgment is akin to a trial at which only the plaintiff is present. As such, the unopposed plaintiff must comply with a set of special, somewhat strict rules in proving his claim. Cunningham v. M & S Marine, Inc., XXXX-XXXX, p. 3 (La. App. 4th Cir. 1/11/06), 923 So.2d 770, 773; 19 Louisiana Civil Law Treatise: Evidence and Proof § 2.9 (1999). The first of these special rules is that a plaintiff is confined to the facts and theories pled in the petition; he may not expand his pleadings by introducing evidence at the confirmation hearing. Cunningham, XXXX-XXXX at p. 3, 923 So.2d at 773. Thus, La. C.C.P. art. 1703 precludes a plaintiff from obtaining a default judgment that is "different in kind from that demanded in the petition."
In his prayer for relief, Mr. Gaudin asked for a judgment "ordering that both parties provide to the other a full and complete accounting of any and all assets in their respective possession belonging in part or whole to Waguespack & Gaudin, APLC and thereafter, judgment fairly and justly dividing the remaining assets of the corporation, Waguespack & Gaudin, APLC on a quantum meruit basis." (Emphasis added.) He also prayed for an "order authorizing a corporate dissolution or in the alternative, an order requiring each party to provide a plan of dissolution pursuant to LSA-R.S. 12:143 et seq." However, the court's judgment went far beyond the relief requested in the petition. Although the petition prayed for an accounting, to be followed by a division of the corporation's assets, the court did not order an accounting, but made determinations as to the corporation's share of attorney fees in settled and resolved cases, the percentage of and value of work performed by each attorney, and even determined the percentage of attorney fees Mr. Gaudin should receive in a pending case. Additionally, the judgment exceeded the scope of the prayer by ordering that corporate funds be used to pay the costs of removing a billboard and a notary's fee, ordering that Mr. Gaudin be allowed to retrieve corporate files and retain possession of those files, and providing for the appointment of a notary to inventory those files, matters not even mentioned in the petition.
Because the default judgment clearly differs from and exceeds the relief prayed for by Mr. Gaudin in his petition, we find that judgment to be null and void and of no effect, and we reverse and remand this case to the trial court. See St. Tammany Homesites, Inc., v. Parish of St. Tammany, 491 So.2d 450, 451 (La. App. 1st Cir. 1986).

CONCLUSION
Based on the foregoing, the judgment appealed from is reversed. The case is remanded to the trial court for proceedings consistent with this opinion. All costs of this appeal are assessed to appellee, Gary Gaudin.
REVERSED AND REMANDED.
WHIPPLE, J., concurring.
This is not a case where the plaintiff rushed to confirm a preliminary default. Moreover, the plaintiff clearly made a concerted effort to present adequate evidence to support his claimed interest in the assets of the corporation at issue, i.e., the attorneys fees arising from these cases. However, given the applicable law and jurisprudence, I must agree that the judgment, which ordered a dissolution without a full accounting for all assets and liabilities, did not comply with the relief sought and must be vacated.
NOTES
[1] On July 17, 2008, a community property partition was entered making Mr. Waguespack's former spouse the owner of the funds awarded to Mr. Waguespack in the March 26, 2008 judgment.