JUDE G. GRAVOIS, Judge.
|2The defendant has appealed a default judgment that has been rendered in favor of the plaintiff. For the reasons that follow, we vacate the judgment and remand for further proceedings.

FACTS AND PROCEDURAL HISTORY

On March 27, 2009, plaintiff, Kim Saacks, filed a Petition for Damages naming Target Corporation d/b/a Target Store T-1449 (“Target”), and appellant herein, Richards Clearview, LLC d/b/a Clearview Shopping Center (“Richards”), as defendants. In her petition, plaintiff alleged that she was injured when she slipped and fell while shopping in the Target store, which was a tenant in the Clearview Shopping Center that is owned by Richards. Plaintiff alleged that she entered Target from the covered parking garage on the second floor of the store during a heavy rain storm. She then walked through the second floor of the store and got on the escalator located in the center of the store. After she got to the first floor, she turned left and walked about twenty feet when “suddenly and without |3warning [she] slipped in an accumulation of water, falling to the floor, striking multiple parts of her body, including her head.”
On April 28, 2009, Target filed an answer to plaintiffs petition. Despite personal service on Richards on April 8, 2009, Richards failed to file any response to plaintiffs petition. On September 14, 2009, plaintiffs Motion for Preliminary Default was granted. Following a hearing on September 22, 2009, judgment was rendered confirming the default and awarding plaintiff general damages in the amount of $510,000.00 and medical expenses of $20,889.50, together with legal interest from the date of judicial demand and for all costs of the proceeding.
On December 30, 2009, plaintiff filed for a judgment debtor examination of Richards. In response thereto, Richards filed a Motion for New Trial and Petition for Temporary Restraining Order. After the trial court denied the temporary restrain *452 ing order, Richards filed a second motion re-urging its grounds for new trial. Following the denial of its Motion for New Trial, Richards timely filed a Motion to Appeal the default judgment entered against it on September 22, 2009.
On appeal, Richards first argues that plaintiff failed to establish a prima facie case of liability and damages against it at the confirmation hearing. Richards argues that plaintiff failed to present a prima facie case that it is liable to plaintiff under the legal theory of negligence of the property owner as alleged in her petition. In particular, Richards contends that plaintiff failed to present any evidence at the confirmation hearing that Richards owned or operated the premises where the accident occurred. Richards also argues that plaintiff failed to prove every element of her case against it as outlined by LSA-R.S. 9:2800.6, a statute dealing with liability of merchants for accidents occurring on their premises. Richards also questions whether the medical evidence introduced at the confirmation hearing conformed to the procedural requirements of LSA-C.C.P art. |41702(D) and established jurisprudence of this court. Richards also argues that the trial court erred in allowing plaintiff to supplement the record with affidavits of treating physicians and dentists after Richards filed a motion for new trial. Finally, Richards argues that the trial court erred in not assessing and quantifying the comparative fault of the parties, including the plaintiff.

ANALYSIS

Louisiana Code of Civil Procedure article 1701 provides for the entry of a judgment by default when the defendant in the demand fails to answer within the time prescribed by law. Article 1702 sets forth the procedure for confirmation of a default judgment, stating that a “judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case.” A prima facie case is established, as required for confirmation of a default judgment, when the plaintiff proves the allegations made in the petition, with competent evidence, to the same degree as if the allegations had been specifically denied by the defendant. Power Marketing Direct, Inc. v. Foster, 2005-2023 (La.9/6/06), 938 So.2d 662.
At the confirmation hearing, plaintiff testified as to the events surrounding her fall and the injuries sustained. She testified that the fall took place at the Target store in Clearview Shopping Center. Documents submitted into evidence at the confirmation hearing include a report of the incident, photographs of plaintiffs injuries, medical records, and letters from plaintiffs attorney to “Richards Clearview, LLC”. These letters state that the record reflects that Richards was served, had not answered the petition, and that plaintiff would seek a default judgment if Richards did not answer. The petition alleges that Clearview Shopping Center is owned by Richards. The record is void, however, of any evidence whatsoever to support this allegation.
|BIn White v. Esplanade Properties Corp., 95-571 (La.App. 5 Cir. 11/28/95), 665 So.2d 579, a case in which this Court was faced with a similar situation, the plaintiff sued for damages sustained in a fall at a shopping mall. Although the plaintiff alleged in her petition that the defendant owned and/or operated the mall, no proof of this allegation was presented at the confirmation hearing, and no evidence was offered to show that the defendant was in any way responsible for the injuries sustained by the plaintiff. We vacated the default judgment in that case. Similarly, in Greenwood v. Pellissier, 96-4 (La.App. 5 Cir. 4/30/96), 672 So.2d 1166, we vacated a default judgment finding that the plaintiff *453 did not make a prima facie case that the defendants, who were alleged to be owners of the premises where plaintiff was injured while installing an electric meter, were the parties responsible for plaintiffs injuries in the absence of any proof that the defendants owned and/or controlled the premises on which plaintiff was injured. Likewise, in Ables v. Anderson, 01-299, (La.App. 5 Cir. 10/17/01) 800 So.2d 1006, we found that the evidence submitted in support of the default judgment against the alleged owner of a fast food restaurant did not establish a prima facie case that the defendant owned or operated the restaurant at the time of the alleged incident. The default judgment was vacated. See also, Griffin v. Pecanland Mall Ass’n, Ltd. 535 So.2d 770 (La.App. 2 Cir.1988) and Cunningham v. M&S Marine, Inc., 05-0805 (La.App. 4 Cir. 1/11/06) 928 So.2d 770.
At the confirmation hearing in the instant case, nothing at all was offered by plaintiff to show that Richards, the defendant cast in judgment, was in any way responsible for plaintiffs injuries. Plaintiff offered no proof to show that Richards had any ownership interest or management responsibility associated with the Tai’get store where plaintiff fell. Thus, plaintiff did not present proof sufficient to establish a prima facie case that Richards is liable for her injuries. We therefore Ififind that the default judgment in this case was improperly rendered. As such, a discussion of Richards’ remaining arguments in this appeal will be pretermitted.

CONCLUSION

For the foregoing reasons, the September 22, 2009 judgment rendered in favor of plaintiff is hereby vacated and this matter is remanded to the trial court for further proceedings.
JUDGMENT VACATED; MATTER REMANDED.