JUDE G. GRAVOIS, Judge.
| ^Appellant, Donnie Zeigler, Jr., has appealed a default judgment rendered against him. For the reasons that follow, we vacate the judgment under review and remand the matter for further proceedings.

FACTS

On September 28, 2011, Keller Supply, LLC (“Keller”) filed a suit on an open account in the 24th Judicial District Court naming “Donnie Zeigler, Jr. d/b/a/ Donnie’s Plumbing and Heating, Inc., a person of the full age of majority, and a resident of the State of Louisiana, Parish of Jefferson” as defendant. The petition alleges that “defendant” maintained an open account with Keller and incurred charges as set forth on the itemized statement of account attached to the petition. The petition further alleges that plaintiff “desires and hereby seeks a money judgment against Donnie Zeigler, Jr. for the full amount set forth herein, plus legal interest from the date of judicial demand, and an award of all reasonable attorney’s fees for bringing this action.” The petition prays that Donnie Zeigler, Jr. be served |swith a citation and copy of the petition, and that judgment be rendered in favor of Keller *178 and against Donnie Zeigler, Jr. in the amount of $39,599.06, together with legal interest, attorney’s fees, and costs. Service was requested to be made on “Donnie Zeigler, Jr. d/b/a Donnie’s Plumbing and Heating, Inc.” The first and second pages of the itemized statement of account attached to the petition have “Donnie’s Plumbing” typewritten below the designation for customer. “Donnie Zeigler” is hand-written above the designation for customer.
Keller subsequently filed a “Motion and Order for Entry of Judgment by Preliminary Default,” alleging therein that “Defendant Donnie Zeigler received citation and service of the Petition on Open Account, personal service having been made on October 6, 2011,” and that “[m]ore than fifteen days have elapsed since that date, and said Defendant has not filed answers or other responsive pleadings to the petition.” On October 28, 2011, the trial court granted a judgment of preliminary default against the “above-named Defendant.”
On November 8, 2011, Keller filed a Motion to Confirm Preliminary Default, stating therein that on October 28, 2011, a judgment of preliminary default was rendered against “Donnie Zeigler, Jr. d/b/a Donnie’s Plumbing and Heating, Inc.,” that more than two days, exclusive of holidays, have elapsed since that date, and that “Defendant” has not filed any answer or other responsive pleadings. The motion further states that “defendant Donnie Zeigler” received citation and service of the Petition on Open Account on October 6, 2011. The motion prays for judgment against “the Defendant,” confirming the judgment of preliminary default. An affidavit of correctness of the account and of nonmilitary service was attached to this motion. This affidavit states that the affi-ant was familiar with the account of “Donnie Zeigler, Jr. and Donnie’s Plumbing and Heating, Inc., Defendant in the above-captioned cause.” The affidavit states that the correct amount owed on the |4account by “Donnie Zeigler, Jr. and Donnie’s Plumbing and Heating, Inc.” is $39,599.06. A copy of the same itemized statement of account that was attached to the petition was also attached to this affidavit.
On November 16, 2011, the trial court rendered a judgment “in favor of Plaintiff and against Defendant” in the full amount prayed for, plus interest, costs, and attorney’s fees. Notice of the signing of this judgment was mailed to “Donnie Zeigler, Jr.” on November 16, 2011. It is from this judgment that Donnie Zeigler, Jr. appeals.

ASSIGNMENTS OF ERROR

Appellant has assigned the following errors for our review, to-wit:
1. The default judgment is defective because it was rendered against Donnie Zeigler, Jr., 'personally, when in fact the Petition on Open Account was with Donnie’s Plumbing and Heating, Inc., a duly qualified and registered Louisiana corporation in good standing with the Secretary of State.

2. The default judgment is defective because the record contains no evidence which would support piercing the corporate veil and no evidence showing defendant, Donnie Zeigler, Jr., operated Donnie’s Plumbing and Heating, Inc. as his alter ego.

3. The default judgment is defective because the record contains no evidence of service of citation and petition. There is no return of service in the record.
4. The default judgment is defective because it awards 1.5% interest per month on an open account but the record is void of the legal requirement of demand of payment or any *179 agreement establishing 1.5% as an agreed upon rate.
5. The default judgment is defective because it does not identify a particular defendant but only renders judgment against defendant.

ARGUMENTS, LAW, AND ANALYSIS

We begin by addressing appellant’s first two assignments of error jointly. In these assignments of error, appellant asserts that Donnie’s Plumbing and Heating, Inc. is a Louisiana corporation in good standing, and that Donnie Zeigler, Jr. has | sworked for Donnie’s Heating and Plumbing, Inc. for many years. Appellant also points out that the petition names “Donnie Zeigler, Jr., d/b/a Donnie’s Plumbing and Heating, Inc.” as defendant, with an attached invoice being only in the name of “Donnie’s Plumbing.” Appellant also notes that the motion and order for entry of judgment by preliminary default alleges citation and service made on “Donnie Zeig-ler,” and that the affidavit of correctness of account and non-military service refers to the “account of Donnie Zeigler, Jr., and Donnie’s Plumbing and Heating, Inc.”
Appellant argues that the default judgment in question should be vacated because the open account with Keller is that of the corporate entity “Donnie’s Plumbing and Heating, Inc.” and not a personal obligation of Donnie Zeigler, Jr. Appellant contends that there has been a long-standing relationship between Donnie’s Heating and Plumbing, Inc. and Keller in which Donnie’s Heating and Plumbing, Inc. had an open account with Keller. Appellant maintains that he has never received an invoice from Keller in his individual name. Appellant contends that the record is void of any evidence to establish a prima facie case to support a judgment against Donnie Zeigler, Jr. personally.
Louisiana Code of Civil Procedure article 1701 provides for the entry of a preliminary judgment by default when the defendant in the demand fails to answer within the time prescribed by law. Article 1702 sets forth the procedure for confirmation of a default judgment, stating that a “judgment- of default must be confirmed by proof of the demand sufficient to establish a prima facie case.” A prima facie case is established, as required for confirmation of a default judgment, when the plaintiff proves the allegations made in the petition, with competent evidence, to the same degree as if the allegations had been specifically denied by the defendant. Saacks v. Target Corp., 10-819 (La.App. 5 Cir. 1/25/11), 56 So.3d 450, 452, writ denied, 11-0688 (La.5/20/11), 68 So.3d 979. When the demand is based upon a suit on an open account, a default judgment may be confirmed without a hearing. La. C.C.P. art. 1702.1.
The determination of whether there is sufficient proof to support a default judgment is a question of fact and should not be disturbed on appeal unless it is manifestly erroneous. Ledet v. Moe, 03-745 (La.App. 5 Cir. 12/9/03), 864 So.2d 643, 644. There is a presumption that a default judgment has been rendered upon sufficient evidence to establish a prima facie case and is correct, and appellant has burden of overcoming that presumption. Bates v. Legion Indem. Co., 01-0552 (La.App. 1 Cir. 2/27/02), 818 So.2d 176. In reviewing a default judgment, an appellate court is restricted to determining whether the record contains sufficient evidence to prove a prima facie case. Rhodes v. All Star Ford, Inc., 599 So.2d 812, 813 (La.App. 1 Cir.1992).
A single person may form a corporation. LSA-R.S. 12:21. A corporation, as a juridical person, is separate and distinct from its members or shareholders. *180 Riggins v. Dixie Shoring Co., Inc., 590 So.2d 1164, 1167 (La.1991); See also, La. C.C. art. 24. Generally, a shareholder of a corporation cannot be held liable personally for any debt or liability of the corporation. LSA-R.S. 12:93(B). Accordingly, the fact that one person owns all or a majority of the stock of a corporation does not in and of itself make that person liable for corporate debts, and unless the directors or officers of a corporation purport to bind themselves individually, they do not incur personal liability for corporate debts. Riggins, 590 So.2d at 1168. However, there are limited exceptions to the rule of non-liability of shareholders for the debts of a corporation. One exception is the alter ego doctrine, in which the shareholders have failed to conduct the business on a corporate footing, disregarding the corporate entity to such an extent that they and the |7corporation have become indistinguishable, in effect making the corporation simply the shareholders’ alter ego. Terrebonne Concrete, LLC v. CEC Enterprises, LLC, 11-0072 (La.App. 1 Cir. 8/17/11), 76 So.3d 502, 507-08, writ denied, 11-2021 (La.11/18/11), 75 So.3d 464.
A default judgment is not permitted to make an award or grant relief different in kind from that demanded in the petition and can only include damages proven to be due as a remedy. Womack v. Custom Homes & Renovations, 02-0193 (La.App. 4 Cir. 6/5/02), 820 So.2d 1196, 1203, writ denied, 02-1871 (La.9/13/02), 824 So.2d 1165. The judgment is limited to those matters of which the defendant has been properly notified through service of process. Id.
Upon review, we find that there is insufficient evidence in the record before us to prove a prima facie case against appellant Donnie Zeigler, Jr. The petition named “Donnie Zeigler, Jr. d/b/a/ Donnie’s Plumbing and Heating, Inc.” as defendant. However, the petition states that Keller “desires and hereby seeks a money judgment against Donnie Zeigler, Jr. for the full amount set forth herein,” and prays that judgment be entered against Donnie Zeigler, Jr. Service was requested on “Donnie Zeigler, Jr. d/b/a Donnie’s Plumbing and Heating, Inc.” The first and second pages of the itemized statement of account attached to the petition have “Donnie’s Plumbing” typewritten below the designation for customer. “Donnie Zeigler” is hand-written above the designation for customer.
The petition contains no allegations that Donnie Zeigler, Jr. is the alter ego of the corporation Donnie’s Plumbing and Heating, Inc. The petition makes no allegation that Donnie Zeigler, Jr. is personally liable for the debts of the corporation. Likewise, there is no evidence in the record to indicate that Donnie Zeigler, Jr. is personally liable for the debts of Donnie’s Heating and Plumbing, Inc. While the judgment appealed from herein was rendered against “defendant,” |sthe notice of signing judgment was mailed to “Donnie Zeigler, Jr.” Accordingly, we find that the trial court erred in rendering the default judgment under review. As such, we vacate the judgment under review and remand the matter for further proceedings.
Our decision above to vacate the judgment under review and remand the matter for further proceedings renders a discussion of appellant’s remaining assignments of error moot.

CONCLUSION

For the foregoing reasons, the trial court judgment rendered on November 16, 2011 is hereby vacated. The matter is remanded to the trial court for further proceedings.

*181
JUDGMENT VACATED; MATTER REMANDED