NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

22-41

BLAKE J. BOUILLION

VERSUS

GEICO MARINE INSURANCE COMPANY

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
LAKE CHARLES CITY COURT
PARISH OF CALCASIEU, NO. 21-1543
HONORABLE RONALD C. RICHARD, CITY COURT JUDGE

\*\*\*\*\*\*\*\*\*\*

CHARLES G. FITZGERALD
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Chief Judge, and John E. Conery and Charles G. Fitzgerald, Judges.

VACATED AND REMANDED.

**Russell J. Stutes, Jr.**
**Russell J. Stutes, III**
**Stutes & Lavergne, LLC**
**600 Broad Street**
**Lake Charles, Louisiana 70601**
**(337) 433-0022**
**Counsel for Plaintiff/Appellee:**
    **Blake Bouillion**

**Jedd S. Malish**
**King & Jurgens, LLC**
**201 St. Charles Avenue, 45th floor**
**New Orleans, Louisiana 70170**
**(504) 582-3800**
**Counsel for Defendant/Appellant:**
    **GEICO Marine Insurance Company**

**FITZGERALD, Judge.**

The issue on appeal is whether the trial court erred in confirming a default judgment.

## FACTS AND PROCEDURAL HISTORY

Plaintiff, Blake J. Bouillion, owns a recreational fishing boat insured by Defendant, GEICO Marine Insurance Company. The boat was damaged when Hurricane Laura ripped through Calcasieu Parish in August 2020. A few months later, Blake submitted a claim to GEICO. GEICO, in turn, hired a marine surveyor, Marine Consulting Inc. (MCI), to inspect the damage. GEICO also asked Blake to obtain his own repair estimate.

To this end, Blake obtained an estimate from BNB Detailing (BNB). BNB estimated total repair costs of $39,796.40. This estimate was given to MCI. MCI, in turn, concluded that the estimate was unreasonably high. MCI then prepared its own property damage estimate, concluding that $19,225.56 was more reasonable.

Based on the above, GEICO tendered payment to Blake in the amount of $15,225.56. The tendered amount represents MCI's estimate (or $19,225.56) less Blake's $4,000.00 deductible.

Thereafter, on August 26, 2021, Blake filed suit against GEICO. Blake alleged that he was entitled to the total amount of the BNB estimate. Thus, Blake sought breach-of-contract damages in the amount of $20,570.84. Blake further sought penalties and attorney fees under La.R.S. 22:1892.

GEICO was served with the petition on September 13, 2021. No responsive pleadings were filed. Ultimately, a default judgment was entered and later confirmed against GEICO after an evidentiary hearing on October 27, 2021. In short, the trial court awarded Blake $16,570.84 in damages for GEICO's breach of the insurance contract. Additionally, the trial court awarded Blake $84,000.00 in

combined statutory damages and penalties under La.R.S. 22:1973, along with $33,563.61 in attorney fees under La.R.S. 22:1892. In total, the trial court awarded Blake $134,131.45. GEICO timely appealed this judgment.

On appeal, GEICO assigns the following errors:

1.  The Trial Court committed manifest error by awarding damages to [Blake] for his claim for damages under the policy based upon inadmissible hearsay.

2.  The Trial Court committed manifest error by awarding [Blake] statutory bad faith damages when he failed to prove his underlying claim for damages under the policy.

3.  The Trial Court committed manifest error by awarding [Blake] damages and penalties pursuant to La.R.S. 22:1973 when his Petition only alleged that he was entitled to recover penalties and attorneys' fees under La.R.S. 22:1892.

## LAW AND ANALYSIS

GEICO's first assignment challenges the sufficiency of the evidence offered in support of the default judgment. We review this assignment using the manifest error standard of review. *Arias v. Stolthaven New Orleans, L.L.C.*, 08-1111 (La. 5/5/09), 9 So.3d 815.

GEICO argues that the trial court awarded Blake damages under the insurance policy based solely on inadmissible hearsay evidence. This, according to GEICO, amounts to manifest error. We agree.

The first circuit addressed the prohibition of using hearsay evidence to confirm a default judgment in *Barnett v. State, Department of Health & Hospitals*, 15-0633 (La.App. 1 Cir. 11/9/15) (unpublished opinion). There, the appellate court explained as follows:

> A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. La. C.C.P. art. 1702. The plaintiff has the burden of establishing a prima facie case by proving with competent evidence the essential elements of his claim as fully as if each of the allegations of the petition had been specifically denied. *Sessions & Fishman v. Liquid Air Corp.*, 616 So.2d 1254, 1258

2

(La.1993). Simply stated, the plaintiff must present evidence sufficient to convince the court that it is probable he would prevail at a trial on the merits. *Arias*, 9 So.3d at 820. . . .

Confirmation of a default judgment is similar to a trial, and the plaintiff is required to adhere to the rules of evidence despite there being no opponent to urge objections. *Arias*, 9 So.3d at 820; *Gorman v. Miller*, 12-0412 (La.App. 1 Cir. 11/13/13), 136 So .3d 834, 840 *writ denied*, 13-2909 (La.3/21/14), 135 So.3d 620. "Because at a default confirmation there is no objecting party, to prevent reversal on appeal, both plaintiff and the trial judge should be vigilant to assure that the judgment rests on admissible evidence" that establishes a prima facie case. *Arias*, 9 So.3d at 820 (quoting George W. Pugh, Robert Force, Gerald A. Rault, Jr., & Kerry Triche, *Handbook on Louisiana Evidence Law* 677 (2007)). Inadmissible evidence, except as specifically provided by law, may not support a default judgment even though it was not objected to because the defendant was not present. *Id*. (citing 19 Frank L. Maraist, *Civil Law Treatise: Evidence and Proof* § 1.1, at 5 (2d ed.2007)). Thus, it has been repeatedly recognized that hearsay evidence is not admissible in a proceeding to confirm a default judgment, unless it falls within a hearsay exception or is expressly authorized by La. C.C.P. art. 1702. *Balakrishnan v. Louisiana State Univ. Sch. of Med.*, 05-1266 (La.App. 4 Cir. 9/13/06), 939 So .2d 595, 598 *writ denied*, 06–2756 (La.1/26/07); 34 So.3d 261; *Cunningham v. M & S Marine, Inc.*, 05-0805 (La.App. 4 Cir. 1/11/06), 923 So.2d 770, 773. Absent any such exception or authorization, hearsay evidence does not sustain the burden of proving a prima facie case necessary for the confirmation of a default judgment. *See McRay v. Booker T. Washington Nursing Home*, 30,399 (La.App. 2 Cir. 4/8/98), 711 So.2d 772, 775.

*Id*. at p. 2.[1]

Here, the only evidence that Blake introduced at the confirmation hearing to support his claim for unpaid property damage was the BNB estimate. The BNB estimate was admitted into evidence in conjunction with Blake's testimony. Significantly, Blake did not adduce the testimony of a representative of BNB to authenticate the damage estimate or to establish the necessary foundation for the opinions set forth therein.

---

[1] Pursuant to 2021 La. Acts 174, § 5 (eff. Jan. 1, 2022), the Louisiana Legislature adopted extensive amendments to the Louisiana Code of Civil Procedure articles pertaining to default judgments. However, this opinion is governed by the pre-amended articles.

3

Nevertheless, Blake contends that the BNB estimate is expressly authorized under La.Code Civ.P. art. 1702(B)(1), which states in relevant part: "When a demand is based upon a conventional obligation, affidavits and exhibits annexed thereto that contain facts sufficient to establish a prima facie case shall be admissible, self-authenticating, and sufficient proof of such demand." Blake's argument is misplaced.

At the outset, there is no question that Article 1702(B)(1) creates an exception to the hearsay rule. In other words, when a suit is based on a conventional obligation, proof by affidavit is permitted in lieu of oral testimony. Here, however, no affidavits were introduced into evidence. The BNB estimate was simply admitted into evidence in conjunction with Blake's testimony. On the record before us, the BNB repair estimate is inadmissible hearsay.

In sum, the BNB estimate—which Blake used to prove his claim for damages under the insurance contract—is inadmissible hearsay evidence. Without the BNB estimate, Blake cannot prove the amount of these damages. Thus, Blake failed to establish a prima facie case, and the trial court manifestly erred in confirming the default judgment against GEICO.

Also, the trial court's award of statutory damages and penalties is predicated upon its award of damages for GEICO's breach of the insurance contract. The same is true for the award of attorney fees. Thus, our above ruling has the effect of vacating the default judgment in its entirety. We will therefore forego any discussion of GEICO's remaining assignments of error.

### DECREE

The default judgment is vacated in its entirety, and this case is remanded for further proceedings. All costs of this appeal are assessed to Blake J. Bouillion.

**VACATED AND REMANDED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules, Courts of Appeal, Rule 2-16.3