864 So.2d 643 (2003)
Marcel & Tobie LEDET
v.
Richard G. MOE.
No. 03-CA-745.
Court of Appeal of Louisiana, Fifth Circuit.
December 9, 2003.
Harold E. Dearie, II, Dearie & Killian Law Firm, Metairie, LA, for Plaintiffs-Appellees.
Keith R. Credo, Pat M. Franz & Associates, Metairie, LA, for Defendant-Appellant.
Panel composed of Judges SOL GOTHARD, JAMES L. CANNELLA and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
At issue in this appeal is whether the trial court properly granted a default judgment in favor of plaintiffs. For the following *644 reasons, we vacate that judgment and remand this matter for further proceedings.

FACTS AND PROCEDURAL HISTORY
In March 2001, plaintiffs, Marcel and Tobie Ledet, entered into a contract with defendant, Richard Moe, to perform certain construction and renovations to their home located on Phosphor Avenue in Metairie. The contract price for these repairs and renovations was $15,200.00. Despite having serious complaints and problems with defendant's workmanship, plaintiffs paid him $11,033.32 and asked that he correct certain defects created by his workmanship. When defendant failed to do so and failed to complete his contractual obligations, plaintiffs sent him a demand letter requesting he pay them to correct his work and complete the project. Plaintiffs received two estimates of $30,770.00 and $37,884.00 and paid other contractors $4,315.48 to correct plumbing, electrical and flooring problems and code violations. The demand letter asked defendant to pay plaintiffs $38,607.48 representing an average of the two estimates plus the $4,315.48. When defendant did not respond, plaintiffs filed this suit seeking $38,607.48 and attorney fees pursuant to La. R.S. 9:4851 and 9:4855. Defendant was served but did not timely answer. Plaintiffs moved for a default judgment.
At the default hearing, plaintiffs presented the testimony of two witnesses, Mrs. Ledet and Michael Holiday, a contractor who gave them an estimate. Mrs. Ledet's testimony confirmed the underlying facts set forth in the petition for damages. She presented photographs of the alleged defects in the property. However, she did not testify regarding the estimates obtained to properly complete the renovations at issue. Michael Holiday testified that he presented the plaintiffs with an estimate to repair their roof, walls and a slab. He did not recall the exact price and could only speculate how much it would cost to perform these repairs.
After the hearing, the trial judge entered a default judgment in favor of plaintiffs against defendant in the amount of $70,956.28 plus $2,025.00 in attorney fees. Thereafter, defendant filed a motion for new trial and/or to annul the judgment, stating that the judgment was contrary to the law and evidence. The trial judge denied defendant's motion.[1] This appeal followed.

DISCUSSION
Defendant argues that the lower court erred by granting the default judgment and in its calculation of damages. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. La Code Civ. P. art. 1702(A). For a plaintiff to obtain a default judgment, he must establish the elements of a prima facie case with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant. Schaff v. Cardinal Services, Inc., 00-1164 (La.App. 5 Cir. 2/14/01), 778 So.2d 1278, 1280, writ denied, 01-1035 (La.6/1/01), 793 So.2d 196. (Citations omitted).
Plaintiff must present competent evidence that convinces the court that it is probable that he would prevail on a trial on the merits. Id. The determination of whether there is sufficient proof is a question of fact and should not be disturbed on appeal unless it is manifestly erroneous. Id. (Citations omitted).
In support of their claim, plaintiffs offered the contract, the petition for damages, Mrs. Ledet's testimony, photographs of the renovation deficiencies, a building *645 permit, an inspection report, invoices for purchases and repairs, copies of checks written to defendant, and the testimony of Michael Holiday who estimated what he would charge to redo the plaintiffs' renovations. The trial judge found this evidence sufficient. We agree that the plaintiffs suffered damages as a result of defendant's poor workmanship. However, we do not feel plaintiffs properly supported their claim through competent evidence. They did not introduce copies of the estimates they relied on to arrive at the damage figure noted in their petition for damages nor was the estimated figure exact enough to measure what the true cost of the repairs would be. The record did not contain a complete itemized estimate suitable for determining damages. Plaintiffs' contractor, Michael Holiday, did not have a copy of his own estimate nor could he recall the exact amount quoted. Additionally, his qualifications were not made part of the record. His testimony was speculative at best. Accordingly, we find this evidence insufficient to support the default judgment. Thus, we vacate the judgment and remand this matter to the trial court for a new trial.
JUDGMENT VACATED; REMANDED FOR FURTHER PROCEEDINGS
NOTES
[1] The record indicates that no transcript of those proceedings was made.