SUSAN M. CHEHARDY, Judge.
UThis is a suit by a corporation for a writ of mandamus directing the defendant individual to transfer a suite at the LSU football stadium from his name into the corporate name. The district court rendered a default judgment in favor of the plaintiff corporation. The defendant appeals. We affirm.
FACTS
River Parish Contractors, Inc. (“RPC”), a domestic corporation, filed suit against Richard Allan Savoie on July 6, 2011. The petition made the following allegations:
Richard Savoie is not only a member of RPC’s board of directors, but also is an employee of RPC. In March 2002, RPC acquired and began paying for a suite, known as a “Tiger Den Suite,” at the LSU football stadium in Baton Rouge, Louisiana. The payments for the Tiger Den Suite included the option for payment for LSU football tickets as well as parking passes. Defendant Savoie, as principal and agent for RPC, was given the duty of securing the suite, tickets, and passes for RPC. The arrangements were transacted through Tiger Athletic Foundation (“TAF”) and were paid for by RPC.
The petition further alleged that at all material times, Savoie was acting as a director/agent/employee of RPC, and he did so from his primary office location in |aReserve, St. John the Baptist Parish, Louisiana. Savoie, however, used and provided the name “Richard Allan Savoie, The *497 Savoie Group” to TAF as the primary contact and owner of the suite.
The petition continued that at no time has Savoie or “The Savoie Group” paid for the Tiger Den Suite. Upon discovery of the information, RPC demanded that Sa-voie inform TAF and take the necessary steps to correct the error in name and ownership of the suite. Savoie, however, has failed and refused to do so. Further, TAF has refused to change the recognized named suite owner without the voluntary consent of Savoie or other legal remedy.
RPC asserted that Savoie’s actions and inactions show that Savoie is attempting to gain and has gained a personal benefit and asset with corporate funds, in violation of Louisiana law and of his good-faith fiduciary obligations to the corporation. RPC prayed for judgment in its favor against Savoie, issuing a writ of mandamus ordering the defendant to exercise his good faith fiduciary duty as a director of RPC to transfer the TAF Tiger Den Suite and all accompanying amenities to the name of River Parish Contractors, Inc.
The petition was served on Savoie on July 15, 2011, but he did not respond. RPC entered a preliminary default against him on August 29, 2011. The matter was taken up in open court on September 7, 2011, but Savoie did not appear. After RPC presented testimony of two witnesses and documentary evidence, the court granted a default judgment.
At the hearing for the confirmation of the preliminary default, counsel for RPC called Chad G. Bourgeois, who testified as follows: He is the CFO and Secretary/Treasurer on the Board of Directors of RPC. As such, he manages the financial aspects of the company. He is familiar with the day-to-day operations of the company and its books, as well as with the company’s business records kept in |4the day-to-day operations. Defendant Savoie is on the Board of Directors; he is the Vice President and he also handles the marketing/sales of the company.
Bourgeois was familiar with the company’s purchase of and payment for the football stadium suite and tickets. He said the payment for the suite is made in the form of a donation to TAF, but the payment for game tickets is made to the LSU Athletic Department.
Bourgeois produced copies of the invoices and checks from the prior three years: 2009, 2010, and 2011. The company’s records showed that for LSU football tickets, parking passes and associated items, RPC paid $10,923 in 2009, $11,360 in 2010, and $11,775 in 2011, all to the LSU Athletic Department. For the suite, RPC paid to TAF the sums of $59,492 in 2009, $58,571 in 2010, and $64,692 in 2011. The documents were introduced in evidence in globo as Exhibit P-1.
Bourgeois testified the amounts were all paid on checks drawn on the account of River Parish Contractors, Inc., except for one or two ticket payments made by a credit card in the name of River Parish Contractors, Inc.
Bourgeois said that Savoie was authorized, as part of his job duties as a marketing director, to institute any actions necessary to secure the suite and the tickets. Bourgeois said his understanding was that it was to be done in Savoie’s capacity as an officer and director of the company. Bourgeois was not aware of anyone in the company authorizing Savoie to secure either the suite or the tickets under his own name. The suite and the tickets were to be secured under the name of River Parish Contractors. Instead, Bourgeois noted, the invoices had “The Savoie Group” on them.
The next witness was Francis Guidry, Jr., who testified he is President of RPC. *498 He did not dispute any of Bourgeois’ testimony, and his testimony tracked that of Bourgeois. He further testified that as marketing director, Savoie was in | ^charge of business development for the company. Part of Savoie’s job duties was to obtain the LSU football suite and game tickets, and he invited potential clients or existing clients to games. That was part of the company’s marketing development. It was always understood that it was to be done as a part of his job duties for RPC.
Guidry said that Savoie was not authorized to secure either the suite or the tickets in his own name or on his own behalf. He said Savoie never paid for either the suite or the tickets. After discovering the suite and tickets were in the name of The Savoie Group, Guidry addressed the issue with Savoie and asked him to rectify the problem, but Savoie never did so. As a result, Guidry and Bourgeois, as officers of the corporation, entered into a corporate resolution to authorize the company to file suit against Savoie to compel him to change the name on the suite and the tickets to RPC’s name.
Guidry said Savoie never gave him any reason for his actions. Guidry testified further that he had checked the records of the Louisiana Secretary of State, but did not find any listing for a group called “the Savoie Group.”
The plaintiffs case concluded. The court then rendered judgment, stating,
Unless something doesn’t meet the eye here, based on the law, the record, and the testimony adduced at this morning’s hearing, I find that Mr. Savoie is clearly acting contrary to the will of the corporation, and the corporation had no other alternative but to file an action for a writ of mandamus against one of its own officers.... So I can see no reason why not to issue the alternative writ....
The judgment decreed that the defendant, Richard Allan Savoie, is in breach of his fiduciary obligation of good faith and fair dealing owed to the plaintiff corporation, as a director and officer of the corporation, for the acts and omissions complained of in the plaintiffs petition, in violation of La. R.S. 12:91(A), et seq.
|eThe judgment further decreed that an alternate writ of mandamus be issued, in accordance with La. C.C.P. art. 3865, ordering and directing the defendant to take any and all affirmative action to personally travel and appear at TAF offices in Baton Rouge, Louisiana, and there to request, sign, execute, and pass any and all documentation necessary to transfer ownership of the LSU football Tiger Den Suite 109 paid for by the plaintiff, and any and all accompanying amenities associated therewith, including but not limited to parking passes, football tickets, and any like vouchers that are in the name of Richard Allan Savoie c/o The Savoie Group or “The Sa-voie Group” to the name of the plaintiff, River Parish Contractors, Inc.
The judgment also provided that should Savoie fail or refuse to act in accordance with the alternate writ of mandamus within five business days of service thereof, then Savoie would be required to show cause why judgment should not be rendered against him, making the alternative writ peremptory.
On October 12, 2011, RPC brought a motion for a rule to show cause, asserting that the judgment and order issued on September 7, 2011, could not be served on Savoie. Accordingly, RPC asked the court to order the defendant to show cause why he should not be made to execute an affidavit transferring the TAF account in his personal name to that of River Parish Contractors, Inc.
On November 2, 2011, Richard Allan Savoie filed a petition for a suspensive *499 appeal from the judgment of September 7, 2011, which the district court granted on November 4, 2011.[1]
On appeal Savoie contends the trial court erred in granting the default judgment because the evidence introduced by RPC against Savoie was insufficient to confirm a default judgment.
|7Savoie argues, first, that the plaintiffs allegations make it clear that some type of contract existed between TAF and Savoie, but RPC failed to introduce the TAF contract at the hearing.
In addition, Savoie contends that RPC failed to introduce evidence to prove that the filing of the lawsuit action was authorized by RPC’s Board of Directors. Although Guidry testified that a resolution to authorize the lawsuit was passed, no copy of such a resolution was introduced in evidence.
Savoie asserts that the failure to introduce these documents is fatal and warrants reversal.
In opposition to the appeal, RPC contends there was more than sufficient competent evidence introduced, both documentary and by testimony, to support the judgment. RPC cites the testimony of Bourgeois and Guidry that RPC paid for the suite and the tickets, that Savoie was authorized only to secure the suite on behalf of the company and was not authorized to place the suite in his personal name, and that the parties all understood that the suite was a corporate asset that would be paid for with corporate funds. Further, RPC points to the testimony that as members of the company’s board of directors, Guidry and Bourgeois concurred and resolved to file the instant suit.
LAW AND ANALYSIS
La. C.C.P. art. 1702 sets the requirements for confirmation of a default judgment. It states, in pertinent part, “A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case.” La. C.C.P. art. 1702(A).
For a plaintiff to obtain a default judgment, he must establish the elements of a prima facie case with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant. Ledet v. Moe, 03-745, p. 3 (La.App. 5 Cir. 12/9/03), 864 So.2d 643, 644. A plaintiff must present competent evidence that convinces the court that it is probable that he would prevail on a trial on the merits. Id., 03-745 at p. 4, 864 So.2d at 644.
In reviewing default judgments, the appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment. Arias v. Stolthaven New Orleans, L.L.C., 2008-1111, p. 5 (La.5/5/09), 9 So.3d 815, 818. This determination is a factual one governed by the manifest error standard of review. Id.
Proof, in its simplest form, is the means employed to convince the judge; it is all that which convinces the mind of a truth. Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875, 878 (1972).
Savoie asserts that RPC failed to make a prima facie case because it did not introduce evidence of the contract between TAF and Savoie regarding the Tiger Den Suite and football tickets. Savoie contends that RPC’s allegations make it clear that some type of contract existed between *500 TAF and Savoie, so that “failure by RPC to introduce the TAF contract at the default judgment hearing is fatal and warrants reversal.”
The documentary evidence introduced at the hearing consisted of copies of checks, checking account statements, and TAF invoices establishing that RPC made payments to TAF for 2009, 2010, and 2011. Savoie argues that evidence merely proves that the suite and tickets were paid for by the corporation for the football seasons in 2009, 2010, and 2011. He contends, “Without the initial written contract for the TAF suite or payments made by RPC from 2002-2009 [sic], RPC failed to provide competent evidence to convince the court that it was entitled to have the suite rights transferred.”
|¡)We find no merit to Savoie’s argument. What is at issue here is not the contract between TAF and Savoie, but rather the obligations that Savoie had to RPC as a director and an employee of the corporation. Savoie failed to perform his assigned duties of renewing the rental of the football stadium suite and purchasing football tickets for RPC, actions that were to be performed on behalf of RPC. Instead, contrary to his assigned job duties, Savoie placed his own name on the suite and tickets that were paid for by RPC.
The trial judge did not err in finding that the evidence presented establishes a prima facie case of RPC’s claim. The evidence was sufficient to carry RPC’s burden of proof for confirmation of the default.
Savoie further contends there was no prima facie case because RPC failed to introduce a corporate resolution authorizing the filing of suit. We find no merit to that argument. La. R.S. 12:82(G) provides in pertinent part,
Except as otherwise provided in the articles or by-laws, or by resolution of the board of directors, the president, vice-president or manager of any corporation ..., shall have power in the name and behalf of the corporation to authorize the institution, prosecution or defense of any suit and other legal proceedings, and no exception of want of authority shall lie on the part of any other party.
Thus, there is a statutory presumption that Francis Guidry, as president of RPC, had the power to authorize the filing and prosecution of this lawsuit on behalf of the corporation. Further, both Guidry, as president, and Chad Bourgeois, as secretary-treasurer, testified they agreed that a suit should be filed. RPC, therefore, did not need to introduce a resolution to prove authorization to file suit.
Finally, Savoie challenges the propriety of issuing a mandamus in this case because mandamus is considered an “extraordinary remedy.”
|,(“Mandamus ... is used sparingly by the courts to compel something that is clearly provided by law, but only where it is the sole available remedy, or where the delay occasioned by the use of any other remedy would cause an injustice.” Clark v. City of Shreveport, 26,638, p. 8 (La.App. 2 Cir. 6/10/95), 655 So.2d 617, 621. “It is clear that mandamus lies only to compel performance of purely ministerial duties or to correct an arbitrary abuse of discretion.” Id.
We find mandamus was appropriate in this case, because the defendant, Savoie, as an officer and employee of the corporation, had to be compelled to perform his ministerial duties of obtaining the Tiger Den Suite and football tickets for RPC.
*501 DECREE
For the foregoing reasons, the judgment is affirmed. Costs of appeal are assessed against the appellant, Richard Allan Savoie.
AFFIRMED.

. On November 2, 2011, the parties stipulated in open court that the appeal would be recognized as suspensive.